### SEARCY COUNTY v. THOMPSON.

(Circuit Court of Appeals, Eighth Circuit.   January 21, 1895.)

No. 497.

PRACTICE—QUESTIONS REVIEWABLE ON ERROR—GENERAL FINDING.

An action was submitted to the court, jury trial being waived.   No exceptions to the admission or rejection of evidence were taken, no ruling was asked in the nature of a demurrer to evidence, nor was the court asked to make special findings of fact; but the defendant requested the court to make certain rulings, upon the whole case, as to the right of the plaintiff to a recovery.   The court found generally for the plaintiff, and the defendant excepted to the refusal of the court to adopt the conclusions submitted by it.   *Held*, that the exceptions presented nothing which the appellate court could review.   Sanborn, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

This was an action by W. H. Thompson against Searcy county, Ark., to recover upon certain county warrants.

Eben W. Kimball and A. Y. Barr, filed brief for plaintiff in error.

H. M. Hill (U. M. Rose, W. E. Hemingway, and G. B. Rose, on brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge.   This case was before this court on a previous occasion, and is reported in 12 U. S. App. 618, 6 C. C. A. 674, and 57 Fed. 1030.   After the case was remanded by this court for a new trial, Searcy county, the plaintiff in error, filed an amended answer, wherein it alleged, in substance, that the warrants sued upon were issued in pursuance of a fraudulent and unlawful agreement between the county and McCabe & Greenhaw, who were the contractors for building a courthouse for the county, whereby the price for doing the work was fixed at a sum known to be three times in excess of its actual value, to cover a known depreciation in the value of county warrants that were to be issued and received in payment for building the courthouse.   A stipulation was filed, waiving a jury, and the case was subsequently tried before the court—resulting in a judgment in favor of Thompson, who was the plaintiff, for the sum of $23,500.   The bill of exceptions in the present record contains a statement of the substance of the testimony that was adduced at the trial.   It also shows that the trial court elected to make a general, rather than a special, finding, which finding is as follows:

"The case was then argued and submitted to the court, and the court found for the plaintiff, upon all of the warrants sued on and rendered judgment against the defendant for the sum of twenty-three thousand five hundred dollars and costs, from which judgment the defendant claimed an appeal; and time was allowed the defendant, for sixty days from this date, to prepare and file its bill of exceptions herein."

No exceptions were taken in the course of the trial, either to the admission or exclusion of testimony.   Neither did the defendant ask an instruction in the nature of a demurrer to the evidence,—

that, on the proof offered, the plaintiff was not entitled to recover. Such being the condition of the record, we are confronted at the outset with the inquiry whether the record presents any question which this court can review.

Section 700 of the Revised Statutes, which was enacted on March 3, 1865 (13 Stat. 501), provides that:

"When an issue of fact in any civil cause in a circuit court is tried and determined by the court without the intervention of a jury, according to section six hundred and forty-nine, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the supreme court upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

In one of the earliest cases involving a construction of this statute, Dirst v. Morris, 14 Wall. 484, 491, Mr. Justice Bradley, in delivering the opinion of the supreme court of the United States, said:

"But, as the law stands, if the jury is waived, and the court chooses to find generally for one side or the other, the losing party has no redress, on error, except for the wrongful admission or rejection of evidence."

In a subsequent case, in which a jury had been waived pursuant to the provisions of the aforesaid statute, the supreme court had occasion to consider whether it could review the action of the circuit court in refusing certain instructions that had been asked by the defendant. With reference to that question, the court said:

"Requests that the court would adopt certain conclusions of law were also presented by the defendants, in the nature of prayers for instruction, as in cases where the issues of fact are tried by a jury, which were refused by the circuit court, and the defendants also excepted to such refusals. None of these exceptions have respect to the rulings of the court in admitting or rejecting evidence, nor to any other ruling of the circuit court which can properly be denominated a ruling in the progress of the trial, as every one of the refusals excepted to appertain to some request made to affect or control the final conclusion of the court as to the plaintiff's right to recover. Such requests or prayers for instruction, in the opinion of the court, are not the proper subjects of exception in cases where a jury is waived, and the issues of fact are submitted to the determination of the court." Insurance Co. v. Folsom, 18 Wall. 237, 253.

In the case of Cooper v. Omohundro, 19 Wall. 65, 69, which was also a case that had been tried by the court without the intervention of a jury, it appeared that five instructions had been asked by the defendant which were refused by the circuit court, and the refusal of the same was assigned for error. One of these instructions was in the following form:

"(5) That, upon the whole case, judgment should be for the defendant."

Concerning the alleged errors, Mr. Justice Clifford, in delivering the opinion of the supreme court, said:

"Beyond all doubt, the only effect of the exception to the refusal of the court to grant the fifth request, if the exception is admitted to be well taken, will be to require the court here to review the finding of the circuit court in a case where the finding is general, and where it is unaccompanied by any authorized statement of the facts, which it is plain this court cannot do, for the reasons

given in the opinion of the court in the case of Insurance Co. v. Folsom, decided at the present term. Our decision in that case was, that in a case where issues of fact are submitted to the circuit court, and the finding is general, nothing is open to review by the losing party, under a writ of error, except the rulings of the circuit court in the progress of the trial, and that the phrase, 'rulings of the court in the progress of the trial,' does not include the general finding of the circuit court, nor the conclusions of the circuit court embodied in such general finding, which certainly disposes of the exceptions to the refusals of the circuit court to decide and rule as requested in the first four prayers presented by the defendant, as it is clear that those exceptions seek to review certain conclusions of the circuit court which are necessarily embodied in the general finding of the circuit court."

· In the case of Martinton v. Fairbanks, 112 U. S. 670, 675, 676, 5 Sup. Ct. 321, the following statement is found with reference to the act of March 3, 1865, which is now under consideration. The court said:

"Prior to the enactment of the act of March 3, 1865 (now sections 649, 700, Rev. St. U. S.), it was held by this court that 'when the case is submitted to the judge to find the facts, without the intervention of a jury, he acts as a referee by consent of the parties, and no bill of exceptions will lie to his reception or rejection of testimony nor to his judgment on the law,' * * * and that 'no exception can be taken where there is no jury, and where the question of law is decided in delivering the final judgment of the court.' * * * Section 4 of the act of March 3, 1865, was passed to allow the parties, where, a jury being waived, the case was tried by the court, a review of such rulings of the court in the progress of the trial as were excepted to at the time and duly presented by bill of exceptions, and also a review of the judgment of the court upon the question whether the facts specially found by the court were sufficient to support its judgment. In other respects the old law remained unchanged. In the present case the bill of exceptions presents no ruling of the court made in the progress of the trial, and there is no special finding of facts. The general finding is conclusive of the issues of fact against the plaintiff in error, and there is no question of law presented by the record of which we can take cognizance."

Again, in Stanley v. Supervisors of Albany, 121 U. S. 535, 547, 7 Sup. Ct. 1234, it was said by Mr. Justice Field, in delivering the opinion of the supreme court, that:

"Where a case is tried by the court without a jury, its findings upon questions of fact are conclusive here. It matters not how convincing the argument that upon the evidence the findings should have been different."

It is also well settled that "a special finding of facts," in the sense in which that phrase is used in the statute, is not a mere report of all the evidence adduced at the trial, but consists of a statement of the ultimate conclusions of the trial court upon issues of fact raised by the pleadings. Norris v. Jackson, 9 Wall. 125; Burr v. Des Moines Co., 1 Wall. 99, 102.

The decisions in Insurance Co. v. Folsom and Cooper v. Omohundro, supra, were cited and approved in the late case of Lehnen v. Dickson, 148 U. S. 71, 73, 13 Sup. Ct. 481; and, so far as we are aware, the doctrine enunciated in those cases has never been criticised or overruled by the supreme court. It is true, however, as has been suggested, that in the case of Clement v. Insurance Co., 7 Blatchf. 51, Fed. Cas. No. 2,882, Judge Blatchford, while circuit judge, gave expression to some views which seem to be at variance with the ruling of the supreme court in the cases heretofore cited.

But it is to be noted that the case of Clement v. Insurance Co. was decided by Judge Blatchford some two years prior to the decisions in Dirst v. Morris and in Insurance Co. v. Folsom, so that at the present time the decision in question cannot be regarded as authoritative. It becomes necessary, therefore, to apply the doctrine above stated to the case at bar. The plaintiff in error asked two instructions which were refused, and, on account thereof, exceptions were saved to the action of the circuit court. These instructions were as follows:

"(1) The plaintiff is entitled to recover for the building of this courthouse only the legal, ordinary, and customary price for such a building, estimating a dollar in county warrants at par with lawful currency of the United States, if at the time of letting the contract the contractor and the county judge understood that the price bid was in excess of the real cost of the building, and the contract was let with the understanding that county warrants were and would be at a discount, and the price fixed in the contract was put larger than the customary price for such work in order to enable the contractor to dispose of the warrants at a discount, and from the proceeds obtain enough to realize the actual value of such a contract. * * * (3) Upon the whole case, the judgment should be for the plaintiff for the amount only which such a courthouse was worth to build, at customary prices, in cash, deducting therefrom the amount already paid by the county for such building."

It will be observed that the last of these instructions is the counterpart of an instruction that was asked and refused in the case of Cooper v. Omohundro, supra, with reference to which the supreme court in that case remarked that the only effect of the exception to the refusal of the request, if the exception was well taken, would be to require the supreme court to review the general finding of the circuit court, which it was plain it could not do in the absence of any special finding. What was thus said is strictly applicable to the case in hand. Instruction No. 3, above quoted, having been asked by the plaintiff below, is not in the nature of a demurrer to the evidence, and cannot be treated as such. It is an instruction which would obviously compel this court to pass upon every contested issue of law and fact disclosed by the record, if we concede that the action of the circuit court in refusing the request is a matter that can be reviewed here. We conclude, therefore, that the alleged error in refusing the request is not subject to consideration by this court.

With reference to the first instruction above quoted, it is sufficient to say that the action of the circuit court in refusing that request cannot be reviewed here, for the following reasons: That instruction was evidently offered for the purpose of affecting or controlling the final conclusion of the circuit court, embodied in its general finding, as to the plaintiff's right to recover, and as was said in the case of Insurance Co. v. Folsom, with reference to similar instructions, "such requests or prayers for instruction * * * are not the proper subjects of exception in cases where a jury is waived, and the issues of fact are submitted to the determination of the court." Furthermore, this request was founded upon a hypothetical state of facts, which may or may not have been established by the testimony. It is impossible for an appellate court, which has no power to review the testimony, to say that an error was committed in the refusal of

the instruction, unless the record shows that a state of facts was found to exist which rendered such an instruction applicable. It may have been that the circuit court found and determined that the evidence did not establish the supposed facts recited in the instruction, and that the case did not require a decision upon the question of law which was presented by the instruction. If that was the view entertained, this court cannot say that an error was committed in refusing the request; for by waiving a jury the trial judge became invested with an exclusive power to ascertain the facts, and we cannot interfere, either directly or indirectly, with his action in that behalf. In all cases where a jury is waived, and the finding is general, the construction that has heretofore been placed on the act of March 3, 1865, will necessarily preclude a party from assigning error on account of the refusal of an instruction which is asked with reference to some supposed phase of the testimony, and is merely calculated to affect or to control the final conclusion of the court as to the party's right to recover. In this respect the practice in the federal court differs, no doubt, from the practice which obtains in many, if not all, of the state courts, but at this day it is a practice which is too well settled by judicial decisions to be disregarded. To obviate the difficulty which is encountered in the present case, and has heretofore been encountered in other cases of a like character, the parties to suits at law pending in the federal courts, which are to be tried without the intervention of a jury, should make a seasonable application to the trial court to find the facts specially. Though the circuit courts of the United States are not bound by the act of March 3, 1865, to make a special finding of the facts when a jury is waived, yet we apprehend that it will rarely happen that a trial judge will refuse to make a special finding, when requested to do so, especially if counsel will take the trouble to prepare and submit such a finding for the inspection and approval of the trial judge. We can conceive of no reason that will be likely to induce trial judges to refuse to sign a special finding when it conforms to their view of the facts. When the facts of a case are found specially, and the finding is duly incorporated into the record by a bill of exceptions, it is made the duty of a federal appellate court, by the act of March 3, 1865, to determine whether the facts found are sufficient to support the judgment; and it will generally happen, we think, that the right to thus determine whether the special finding is adequate to support the judgment will enable an appellate court, where the special finding is properly prepared, to consider and to decide all of those questions of law pertinent to the case which are ordinarily presented, or attempted to be presented, in the form of instructions. The result is that, because the present record fails to disclose any error committed during the course of the trial which this court can review, the judgment of the circuit court must be, and it is hereby, affirmed.

SANBORN, Circuit Judge (dissenting). I am of the opinion that, in an action at law, any ruling of the trial court, during the progress of the trial, which would have been subject to review in this court

if the trial had been before a jury, is reviewable here, in a case in which a jury has been waived, and the court has made a general finding upon the facts, under section 649, Rev. St. Section 649, after providing for a waiver of a jury, declares that:

"The finding of the court upon the facts * * * shall have the same effect as the verdict of a jury."

Section 700 provides that:

"When an issue of fact in any civil cause in the circuit court is tried and determined by the court without the intervention of a jury, according to section 649, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the supreme court upon a writ of error or upon appeal."

In Clement v. Insurance Co., 7 Blatchf. 51, 53, 54, 58, Fed. Cas. No. 2,882, Judge Blatchford (afterward Mr. Justice Blatchford, of the supreme court), in a careful, exhaustive, and well-considered opinion, said upon this subject:

"The trial is to proceed in all respects as if before a jury, except that there is to be no charge to a jury, and, instead of a verdict by a jury, there is to be a finding by the court on the facts, which finding, if general, is to have the same effect as the general verdict of a jury, and, if special, is to have the same effect as the special verdict of a jury. The rulings of the court in admitting or rejecting evidence are to be made and excepted to as on a trial before a jury. When the evidence is concluded, the respective parties are to propound to the court the propositions of law which they respectively conceive to arise therefrom, as on a trial before a jury, except that a proposition of law, instead of running to the effect that, if the jury find thus and so, the law on such a state of fact is thus and so, will run that, if the court find thus and so, the law on such a state of fact is thus and so. The court must pass on such a proposition of law, when it tries an issue of fact, just as it must pass on a proposition of law, when made at a like stage of the trial, on a trial before a jury. * * * And such ruling, being, within the fourth section of the act of 1865, a ruling of the court, in the cause, in the progress of the trial, and being excepted to at the time, may, under that section, when duly presented by a bill of exceptions, be reviewed by the supreme court upon a writ of error, or upon appeal."

Speaking of a question of law which the counsel in that case desired to obtain a ruling upon, he said:

"Now, the proper and effectual way to raise this point is to have it appear by the record that the defendants requested the court to rule, as matter of law, that if it should find that McCoy had notice in Cincinnati, as early as the 5th of August, 1857, of the loss of the tobacco, and that McCoy as the agent of the plaintiffs to transport the tobacco to New York, and that the plaintiffs had put it into McCoy's custody, to be retained therein at least until it reached Cincinnati, then McCoy was bound to communicate notice of the loss, by telegraph, to the consignees at New York, as soon as he had notice of it himself, and that, if it should find that McCoy did not communicate such notice by telegraph, the plaintiffs could not recover. This would be the mode adopted to raise the point on a trial before a jury, and there is no reason why it should not be adopted on a trial by the court without a jury."

Speaking of the last clause of section 700, Rev. St., he said:

"But there is a further provision in the fourth section of the act of 1865, namely, that 'when the finding is special, the review may also extend to the determination of the sufficiency of the facts found to support the judgment.' A losing party in a case can always have the substantial benefit of this provision, without a special finding on the facts, by requesting the court to rule, as matter of law, that unless every one of such and such facts is found by it

to exist, or unless a particular fact is found to exist, his adversary cannot have a general finding in his favor."

In 1869, in Norris v. Jackson, 9 Wall. 125, Mr. Justice Miller, in delivering the opinion of the supreme court, said that:

"Whether the finding be general or special, it shall have the same effect as the verdict of a jury; that is to say, it is conclusive as to the facts so found. In case of a general verdict, which includes, or may include, as it generally does, mixed questions of law and fact, it concludes both, except so far as they may be saved by some exception which the party has taken to the ruling of the court on the law."

It may be remarked, in passing, that this is exactly the effect of a verdict of a jury. The verdict of a jury concludes mixed questions of law and fact, except so far as they may be saved by some exception which the party has taken to the ruling of the court on the law, and there seems to me to be nothing in this opinion which holds that the general finding of the court concludes anything more.

In Dirst v. Morris, 14 Wall. 484, 490, Mr. Justice Bradley, in delivering the opinion of the supreme court, said:

"This court, sitting as a court of error, cannot pass, as it does in equity appeals, upon the weight or sufficiency of the evidence, and there was no special finding of the facts. Had there been a jury, the defendant might have called upon the court for instructions, and thus raised the questions of law which he deemed material. Or, had the law which authorizes the waiver of a jury allowed the parties to require a special finding of the facts, then the legal questions could have been raised and presented here upon such findings as upon a special verdict. But, as the law stands, if a jury is waived, and the court chooses to find generally for one side or the other, the losing party has no redress on error, except for the wrongful admission or rejection of evidence."

The last sentence quoted is obiter dictum. No request was made in that case for any declaration of law at the close of the evidence.

In 1873, in Insurance Co. v. Folsom, 18 Wall. 237, Mr. Justice Clifford, in delivering an opinion of the supreme court in a case where the trial court had been requested, at the close of the evidence, to make certain declarations of law, said, at page 253:

"Requests that the court would adopt certain conclusions of law were also presented by the defendants, in the nature of prayers for instruction, as in cases where the issues of fact are tried by a jury, which were refused by the circuit court, and the defendants also excepted to such refusals. None of these exceptions have respect to the rulings of the court in admitting or rejecting evidence, nor to any other ruling of the circuit court which can properly be denominated a ruling in the progress of the trial, as every one of the refusals excepted to appertain to some request made to affect or control the final conclusion of the court as to the plaintiff's right to recover. Such requests or prayers for instruction, in the opinion of the court, are not the proper subjects of exception in cases where a jury is waived, and the issues of fact are submitted to the determination of the court."

He cites in support of this declaration Dirst v. Morris, supra, and undoubtedly rests it upon the obiter dictum in that case to which we have referred. At page 250 of the opinion he concludes a general discussion of the rules that should govern the trial of a case by the court without a jury with the declaration that:

"Where a case is tried by the court without a jury, the bill of exceptions brings up nothing for revision except what it would have done had there been a jury trial."

In Cooper v. Omohundro, 19 Wall. 65, a case in which, at the close of the evidence, the plaintiff requested the circuit court to make certain declarations of law, the supreme court refused to consider the questions presented by these requests; and Mr. Justice Clifford, in delivering the opinion, cited Insurance Co. v. Folsom, supra, and said:

"Our decision in that case was, that in a case where issues of fact are submitted to the circuit court, and the finding is general, nothing is open to review by the losing party, under a writ of error, except the rulings of the circuit court in the progress of the trial; and the phrase, 'rulings of the court in progress of the trial,' does not include the general finding of the circuit court, nor the conclusions of the circuit court embodied in such general finding."

In Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321,—a case in which no request for any declaration of law was made before the close of the trial,—Mr. Justice Woods, in delivering the opinion of the supreme court, said:

"Upon the issues of fact raised by the pleadings in this case, there was a general finding for the plaintiff. The defendant contends that the evidence submitted to the court did not justify this general finding. But, if the finding depends upon the weighing of conflicting evidence, it was a decision on the facts, the revision of which is forbidden to this court by section 1011. If the question was whether all the evidence was sufficient in law to warrant a finding for the plaintiff, he should have presented that question by a request for a definite ruling upon that point. * * * The court below having made a general finding, which, by the statute, has the same effect as the verdict of a jury, the plaintiff in error can resort to no other means of redress than those open to it had the case been tried by a jury, and a general verdict rendered." Pages 672 and 674, 112 U. S., and page 321, 5 Sup. Ct.

In 1892, in Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, Mr. Justice Brewer, in delivering the opinion of the supreme court, said, at page 72, 148 U. S., and page 481, 13 Sup. Ct.:

"Sections 648 and 649 of the Revised Statutes, while committing generally the trial of issues of fact to a jury, authorize parties to waive a jury, and submit such trial to the court; adding that 'the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury.' But the verdict of a jury settles all questions of fact. As said by Mr. Justice Blatchford in Lancaster v. Collins, 115 U. S. 222, 225, 6 Sup. Ct. 33: 'This court cannot review the weight of the evidence, and can look into it only to see whether there was error in not directing a verdict for the plaintiff on the question of variance, or because there was no evidence to sustain the verdict rendered.' The finding of the court, to have the same effect, must be equally conclusive, and equally remove from examination in this court the testimony given on the trial. We must accept the general finding as conclusive upon all matters of fact, precisely as the verdict of a jury."

And at page 78, 148 U. S., and page 481, 13 Sup. Ct., he said:

"But even if we waive all these objections, and take this statement [a statement of the court below] as intended for and equivalent to a special finding of facts, or regard the declaration of law asked by the defendant, that the court declares the law to be that under the evidence the plaintiff is not entitled to recover, as bringing properly before us the question whether there was any evidence to sustain the general finding for the plaintiff, and thus enter into an examination of the testimony, still we see no error in the conclusion of the court based thereon."

In St. Louis v. W. U. Tel. Co., 148 U. S. 92, 96, 13 Sup. Ct. 485, which was decided in 1893, Mr. Justice Brewer said:

"It is enough to say that in this case there was, as appears by the bill of exceptions, an application at the close of the trial for a declaration of law that the plaintiff was entitled to judgment for the sum claimed, which instruction was refused, and exception taken; and this, as was held in Norris v. Jackson, 9 Wall. 125, presents a question of law for our consideration."

This is the last expression of the supreme court to which our attention has been called, and it clearly overrules the declaration in Dirst v. Morris, that only rulings upon the admission or rejection of evidence can be reviewed. It must be conceded that the authorities on this question are not as clear and uniform as might be desired. The two opinions of Mr. Justice Clifford in Insurance Co. v. Folsom and Cooper v. Omohundro seem to rest upon the obiter dictum in Dirst v. Morris, and lead logically to the conclusion there expressed. Between that conclusion, that rulings upon the admission and rejection of evidence alone may be reviewed, and the conclusion to which I have arrived, that any ruling of the court made during the progress of the trial, and before the finding is filed, is reviewable in the appellate court if it would have been subject to review had the trial been before a jury, there seems to me to be no secure middle ground. If we depart from both these rules, it will be difficult, and I think impossible, to draw the line by any rule so that the courts and the gentlemen of the bar may know what requests for declarations of law are, and what are not, reviewable in this court. For this reason, and because the statute provides that the general finding of the court shall have the same effect as the verdict of a jury, and that the rulings of the court in the progress of the trial of a cause may be reviewed upon a writ of error, and because I think both the earlier and later decisions of the supreme court point to this result, I have been forced to the conclusion that the true test for determining whether or not a ruling of the trial court may be reviewed when a jury has been waived is whether it would have been subject to review if the trial had been by jury. As the statute declares the general finding shall have the same effect as the verdict of a jury, I think it ought not to be given any greater or other effect. Trust Co. v. Wood, 8 C. C. A. 658, 60 Fed. 346, 348; Clement v. Insurance Co., supra; St. Louis v. W. U. Tel. Co., supra. Tested by this rule, the application of the plaintiff for a declaration of law, "that upon the whole case the finding of the court should be for the plaintiff for the amount of the warrants sued on, without deduction of any kind," presented the question whether or not, if all the evidence adduced by the defendant was admitted to be true, the plaintiff was entitled to a judgment for the amount he claimed. This application had the same effect that a request to the court to instruct the jury peremptorily to find for the plaintiff for the amount of the warrants would have had, if the trial had been before a jury. Nor does it appear to me that there is any greater difficulty in reviewing and deciding this question in a case tried before the court than there would have been if the trial had been by jury. There is in this record a bill of exceptions which declares that it contains all the evidence. It is not necessary to pass upon the weight or suffi-

ciency of the evidence to determine this question of law. It is to be decided like the question which arises upon a request for a peremptory instruction to the jury, on the concession that the evidence for the defendant must prevail on all disputed material issues. Indeed, this application is, both in form and in substance, substantially the same as that which Mr. Justice Brewer declared in St. Louis v. W. U. Tel. Co., supra, properly presented a question for the consideration of the supreme court. Nor can I persuade myself that this court ought to escape from reviewing the questions presented by the other declarations made and refused by the court on the ground that there may have been no evidence in the case to which they were applicable. All the evidence is before us, in this bill of exceptions. If there was any evidence tending to show the state of facts set forth in these declarations, the respective parties to this action were entitled to have them given, if they were the law; and I see no reason why it is not as much the duty of this court to inspect the record, and see whether or not there was any such evidence, as it would have been if the trial had been by jury. A cursory inspection of the record discloses evidence tending to show the facts set forth in these various requests, and I have been forced to the conclusion that the questions of law they present should have been reviewed by this court.