WILE et al. v. FARMERS' STATE BANK OF CHARTER OAK.

. (Circuit Court of Appeals, Eighth Circuit. October 7, 1895.)

No. 562.

FINDINGS—WHAT QUESTIONS OPEN ON REVIEW.

When the court, to which a case has been submitted without a jury, pursuant to Rev. St. § 649, has found the facts specially, the only question open upon a writ of error is the sufficiency of the facts found to support the judgment, and the appellate court cannot inquire whether the evidence was sufficient to support the findings.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

This was an action by Mayer Wile, Isaac Wile, and Herman Wile, doing business as Wile Bros. & Co., against the Farmers' State Bank of Charter Oak, Iowa. The circuit court, before which the case was tried without a jury, gave judgment for the defendant. 63 Fed. 759. Plaintiffs bring error. Affirmed.

John N. Baldwin and A. W. Askwith filed brief for plaintiffs in error.

L. M. Shaw and Jacob Sims filed brief for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This case was tried by the court, a jury being waived by written stipulation of the parties, filed with the clerk, as provided by section 649 of the Revised Statutes of the United States. The court found the facts specially. Among other facts so found was the following: "The court, being fully advised in the premises, finds that at the time of the service of the notice of garnishment herein the said Farmers' State Bank did not have in its possession or under its control any property, rights, or credits of the said defendant Cohn." This finding disposes of the case. The plaintiffs in error seek to avoid its effect upon the ground that the evidence in the case does not warrant the finding. But, where the court's findings are special, it is required to state the ultimate facts, and not the evidence; and the facts so found are all the facts that this court can consider. The inquiry in such cases is not whether the evidence supports the special finding of fact, but only whether the facts found are sufficient to support the judgment. Hill v. Woodberry, 49 Fed. 138.

All the errors assigned rest upon the allegation that the testimony in the case did not warrant the special findings of the court. But we cannot look into the evidence with a view to determine its sufficiency to support the special findings. This court must take the special findings as verity, and, when so taken, it is conceded that the judgment of the circuit court is right. The judgment of the circuit court is therefore affirmed.