INSURANCE CO. OF NORTH AMERICA v. INTERNATIONAL TRUST CO.[1]

SUN INSURANCE OFFICE, OF LONDON, ENGLAND, v. INTERNATIONAL TRUST CO.[2]

(Circuit Court of Appeals, Eighth Circuit. December 2, 1895.)

Nos. 660 and 663.

1. TRIAL BY COURT—FINDINGS OF FACT.
   When a trial court is called upon to state the ultimate propositions or facts established by the evidence in the form of a special finding, it may

[1] Rehearing denied January 20, 1896.  [2] Rehearing denied February 3, 1896.

often be compelled to embody in the finding some legal inferences as well as inferences of fact, as when the ultimate fact to be found relates to the acquisition or ownership of property.

2. SAME.

The conclusive effect of a special finding of fact cannot be made to depend upon the character of the proof on which it rests.

3. SAME—REVIEW ON APPEAL.

When a jury is waived, and the court makes a special finding, an appellate court cannot look into the evidence, except to ascertain whether there was error in admitting or excluding testimony.

In Error to the Circuit Court of the United States for the District of Colorado.

Sylvester G. Williams and M. F. Taylor (E. T. Wells and John G. Taylor were with them on brief), for plaintiff in error Insurance Co. of North America.

Milton Smith (T. J. O'Donnell and W. S. Decker were with him on brief), for plaintiff in error Sun Insurance Office.

A. C. Campbell (A. E. Pattison was with him on brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. These were suits which were brought by the International Trust Company, of Denver, Colo., the defendant in error, against the Insurance Company of North America and the Sun Insurance Office, of London, England, the plaintiffs in error, to enforce the payment of two policies of insurance which were issued by the respective companies to one John R. Gordon, but with a mortgage clause thereto attached which made the loss under the policies payable to the International Trust Company, of Denver, Colo., and its assigns. The latter company is hereafter referred to for convenience as the "Trust Company." The suits grew out of the same loss, and involve a consideration of the same facts, which were considered by this court in the case of International Trust Co. v. Norwich Union Fire Ins. Soc., 71 Fed. 81. The present suits, however, were actions at law on policies that had been duly executed and delivered to the trust company prior to the occurrence of the loss. On the trial of the cases a jury was duly waived, and the circuit court, at the conclusion of the trial, made and filed a special finding of facts which forms a part of the record in each case. It is unnecessary to set out the special finding of facts in full, as the finding on most of the issues is conceded to be correct. It is also conceded that the facts as found are sufficient to support the judgments which were rendered against the respective insurance companies. The chief contention in these cases is that when the policies in suit were issued the trust company had no insurable interest in the insured property. That contention is based on the same state of facts which formed the basis for a similar contention in the case of International Trust Co. v. Norwich Union Fire Ins. Soc., namely, on the ground that the trust company had not reacquired the Gordon note for $50,000, and the deed of trust securing the same, when the policies in suit were issued, and for that reason had no such insurable in-

terest as would suffice to support the policies. The circuit court found, however:

"That * * * the International Trust Company did, on the 12th day of June, 1893, reacquire title to the note of said John R. Gordon by repurchase, and did reacquire an insurable interest in and to the property covered by the policy of insurance issued by defendant company; and the trust company did on the 12th day of June, 1893, actually pay to the said Investor's Mortgage Security Company the sum of $1,750, being part of the amount due upon repurchase, and did assume the payment of the balance of the purchase price, viz. $50,000, and did from that time on treat and dispose of said note as its own property."

This finding by the trial court is conclusive in this court, and cannot be reviewed. It matters not, we think, that the finding in question is based largely upon letters and telegrams which passed between the trust company and the Investors' Mortgage Security Company, and upon deductions drawn from such correspondence. A special finding of fact, as was said by Mr. Justice Miller, in Burr v. Railroad Co., 1 Wall. 99, 102—

"Is a statement of the ultimate facts or propositions which the evidence is intended to establish, and not the evidence on which those ultimate facts are supposed to rest. The statement must be sufficient in itself, without inferences or comparisons, or balancing of testimony, or weighing evidence, to justify the application of the legal principles which must determine the case. It must leave none of the functions of a jury to be discharged by this court, but must have all the sufficiency, fullness, and perspicuity of a special verdict. If it requires of the court to weigh conflicting testimony, or to balance admitted facts, and deduce from these the propositions of fact on which alone a legal conclusion can rest, then it is not such a statement as this court can act upon."

See, also, Hinkley v. City of Arkansas City, 16 C. C. A. 395, 69 Fed. 768, 771.

It results from this view that when a trial court is called upon to state the ultimate propositions or facts established by the evidence in the form of a special finding, it will often be compelled to embody in the finding some legal inferences as well as inferences of fact. Such will generally be the case when, as in the present instance, the ultimate fact to be found is whether a certain person has acquired and is the owner of certain property. We think, therefore, that the conclusive effect of a special finding of fact cannot be made to depend upon the character of the proof upon which it rests. If such a finding is regarded as conclusive, and not subject to review, when it rests on oral testimony, it must be regarded as equally conclusive when it rests on written evidence, or on evidence that is in part written and in part oral. The rule is inflexible in the federal courts that when a jury is waived, and the court makes a special finding, an appellate court cannot look into the evidence on which the finding is based, except for the purpose of ascertaining whether an error was committed in admitting or excluding testimony. Stanley v. Supervisors, 121 U. S. 535, 547, 7 Sup. Ct. 1234; Walker v. Miller, 19 U. S. App. 403, 8 C. C. A. 331, 59 Fed. 869; Searcy Co. v. Thompson, 13 C. C. A. 349, 66 Fed. 92. In the present cases no objection was made to the evidence on which the finding in question was based, nor was the court asked to reject or to exclude the evidence after it had been

introduced on the ground that it had no tendency to show that the trust company had an insurable interest in the insured property when the policies in controversy were issued. On the contrary, the case was tried on the evident assumption that the evidence in question had some tendency to show that the trust company had reacquired and become the owner of the Gordon note and deed of trust, and the objection now urged is, in substance, that the finding made by the trial court was against the weight of evidence. It goes without saying that we cannot notice an objection of that character. Insurance Co. v. Unsell, 144 U. S. 439, 451, 12 Sup. Ct. 671. But, even if the special finding now under consideration was open to review by this court, we should not be able to say that the circuit court erred in finding that the trust company had such an insurable interest as was sufficient to support the policies. In the case of International Trust Co. v. Norwich Union Fire Ins. Soc., we have held that the trust company had an insurable interest on June 26, 1893, by virtue of the consummated agreement with the Investors' Mortgage Security Company to take up the Gordon note, which was secured by a deed of trust on the insured property. It was further shown in these cases that on June 12, 1893, the trust company had advanced and paid the interest on said note, amounting to $1,750, and we think it most probable, in view of the relations then existing between the trust company and the mortgage company, that the payment so made gave to the former company such an interest in the note and deed of trust as would serve to support a policy covering the mortgaged property which was taken out after that date.

There are no other questions arising upon the record in these cases which can be considered in view of the special finding of facts and in view of the recent decision of this court in the case of Insurance Co. v. Bohn, 12 C. C. A. 531, 65 Fed. 165. In that case this court held that a mortgage clause such as was attached to each of the policies in suit had the effect of creating a new contract between the mortgagee and the insurance company, which was dependent for its validity solely upon the conduct of the company and the mortgagee, and was unaffected by any act or neglect of the mortgagor of which the mortgagee was ignorant, whether such act was done or omitted prior or subsequent to the execution of the mortgage clause. To that ruling we still adhere, and it results from that view of the effect of the mortgage clause that the policies in suit were not rendered invalid by the sale and conveyance of the mortgaged property by Gordon, the mortgagor, on or about July 3, 1893. In the policy issued by the Sun Insurance Office, of London, England, there appear to have been two mortgage clauses attached to the policy. The first of these clauses was as follows: "Loss, if any, payable to M. D. Thatcher, trustee for the International Trust Company of Denver, Colorado, as his interest may appear," whereas by the second mortgage clause the loss was made payable directly to the International Trust Company. The second clause is a more full and complete contract between the mortgagee and the insurance company, being in substance the same mortgage clause that was con-

strued by this court in Insurance Co. v. Bohn, supra. The point is made that the first of these mortgage clauses controls the second, and that, as the first clause does not exempt the trust company from liability for the acts of the mortgagor, the policy of the Sun Insurance Office was avoided by the sale made by the mortgagor on July 3, 1893. We cannot assent to this view. The second mortgage clause being more full and complete, and the last apparently to be attached to the policy, should be taken, we think, as containing the latest expression of the intentions of the contracting parties. We are of opinion, therefore, that the last clause supersedes and controls the former in so far as they are in conflict. The result is that the judgment of the circuit court in each of the cases now under consideration must be affirmed.

SANBORN, Circuit Judge (concurring). I am unable to concur in the view taken by the majority of the court that the question whether or not there was any evidence sufficient to support a finding that the International Trust Company of Denver, the defendant in error, had an insurable interest in the property destroyed was not presented for our consideration by the record in these cases. At the close of the evidence counsel for plaintiff in error moved the court for a finding and judgment in its favor, "upon the ground that the evidence is insufficient to show a cause of action in favor of the plaintiff company, or to support a finding for the plaintiff company, or to support a judgment entered upon such finding for the plaintiff company," and this motion was denied, and an exception to this ruling of the court was taken. In my view, this motion had the same effect that a request to the court to instruct the jury peremptorily to find for the defendant would have had if the trial had been before a jury. It is not necessary to pass upon the weight or the sufficiency of the evidence to determine this question of law. It is to be decided like a question which arises upon such a request to the jury,—upon the concession that the motion must be denied if there is evidence in the record sufficient to sustain a finding for the plaintiff. Rev. St. § 700; Clement v. Phœnix Ins. Co., 7 Blatchf. 51, 53, 54, 58, Fed Cas. No. 2,882; Lehnen v. Dickson, 148 U. S. 71, 72, 78, 13 Sup. Ct. 481; Martinton v. Fairbanks, 112 U. S. 670, 672, 674, 5 Sup. Ct. 321; St. Louis v. W. U. Tel. Co., 148 U. S. 92, 96, 13 Sup. Ct. 485; Trust Co. v. Wood, 8 C. C. A. 658, 60 Fed. 346, 348; Searcy Co. v. Thompson, 13 C. C. A. 349, 354–358, 66 Fed. 92. As all the evidence relating to the insurable interest of the defendant in error consisted of letters contained in the record, this motion, in my view, raised the question whether or not all reasonable men, upon the perusal of those letters, would, in the exercise of a sound and unprejudiced judgment, come to the conclusion that these letters did not show that the defendant in error had an insurable interest in the property destroyed. The opinion of the trial judge and the opinion of the judges of this court upon this question in International Trust Co. v. Norwich Union Fire Ins. Soc., and in these cases, foreclose the consideration of this question, and on that ground I concur in the result here.