### HARDMAN v. MONTANA UNION RY. CO.

(Circuit Court of Appeals, Ninth Circuit.   October 4, 1897.)

No. 358.

1. REVIEW ON ERROR—FINDINGS OF FACT.
    Where, under a stipulation, a case is tried by the court without a jury, the facts found by the court are not open to review in the circuit court of appeals.

2. BAILMENT—GOODS IN RAILROAD DEPOT.
    While a railroad company which has carried property for hire is keeping it for a reasonable time in its own warehouse, at the point of destination, until it shall be called for, it is a bailee for hire, and not a naked depository.

3. CARRIERS—NEGLIGENCE—GOODS IN WAREHOUSE—DESTRUCTION BY FIRE.
    A railroad company holding property in its warehouse as a bailee for hire allowed a car marked "Powder," which was in fact empty, but locked, to be placed in close proximity thereto. The warehouse caught fire, and the property was destroyed solely because the firemen were prevented, through reasonable fear of the powder car, from extinguishing the fire. *Held*, that the company was liable for the loss.

In Error to the Circuit Court of the United States for the Southern Division of the District of Montana.

John W. Cotter, for plaintiff in error.
Geo. Haldorn, for defendant in error.

Before ROSS and MORROW, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge.   This was an action to recover the value of certain goods shipped by the plaintiff from the city of Anaconda to the city of Butte, in the state of Montana, which the defendant railway company, a common carrier between the points named, undertook to and did carry for a consideration paid, and which goods were thereafter damaged by fire while in the warehouse of the defendant company in the city of Butte.   The case was tried before the court below without a jury, pursuant to a stipulation of the parties.   The facts found by the court are not, therefore, open to review here.   Farwell v. Sturges, 6 C. C. A. 118, 56 Fed. 782; Skinner v. Franklin Co., 6 C. C. A. 120, 56 Fed. 783; Wile v. Bank, 17 C. C. A. 25, 70 Fed. 138. From the findings of the court, these among other facts appear:   On or about June 21, 1895, the plaintiff delivered to the defendant at the city of Anaconda, to be transported by the defendant, and delivered to the plaintiff at the city of Butte, Mont., the goods in question, paying the defendant for such transportation the sum of $11.09, in consideration of which payment the defendant agreed to deliver the goods to the plaintiff in the city of Butte.   The defendant transported the goods to the city of Butte in accordance with its undertaking, and there unloaded the same from its cars, and stored the goods in its warehouse in that city, in which they remained from June 21 until the night of July 2, 1895, at which time the warehouse caught fire, inflicting the damage which gave rise to the action.   The findings further show that the defendant did not itself have sufficient fire appliances to extinguish or control the fire, but that its warehouse was

situated within the city of Butte, which city possessed a fire department with sufficient water facilities; that upon the discovery of the fire one of the police officers of the city turned in a fire alarm, to which the fire department immediately responded; that upon the arrival of the department at the scene of the fire it was notified by one of the police officers of the city that a car load of powder was standing immediately adjoining the platform on the south side of the warehouse, and that thereupon the fire department withdrew, upon the order of the chief of the department, until he could make an investigation; that the car was sealed by the employés of the defendant company, and was labeled "Powder," but that by whom it was so labeled did not appear from the evidence; that it was subsequently discovered by the chief of the fire department of the city that the car did not in fact contain any powder, upon the discovery of which fact the fire department was ordered by him to immediately return to the fire and attempt to extinguish it; that a period of about 10 or 12 minutes elapsed between the departure of the fire department from the scene of the fire and its return thereto. The thirteenth finding of fact is in these words:

"That if the said fire department had not believed that a car load of powder was standing on the track adjoining the said warehouse, and had begun to work at the said fire upon their first arrival, the same could have been extinguished without any loss."

The conclusions of law drawn by the court below, in respect to which errors are assigned, are as follows:

"First. That it was not the duty of the defendant to furnish or keep any fire apparatus in the vicinity of the said warehouse, to extinguish fires in or about the same. Second. That the defendant is not liable to the plaintiff for the loss of the said goods so stored in the warehouse as aforesaid, defendant's liability being that of a warehouseman; and it was not guilty of any negligence in connection with said fire, or in extinguishing the same."

The plaintiff in error assigns for error the second conclusion of law above given—

"For the reason that the testimony of the defendant's own witness, McGrade, and all of the evidence, shows that the defendant, by its servants and employés, loaded a car labeled 'Powder,' and negligently allowed and permitted the same to stand upon the track near and adjoining the said warehouse, at a point at or near where the fire occurred therein, and thereby prevented the fire department of the city of Butte from extinguishing or attempting to extinguish the said fire in its incipiency, and that the said act of the said defendant and its servants and employés in negligently allowing the said powder-labeled car to be and remain in said position was the direct cause of the plaintiff's loss, and that, if it had not been for defendant's negligence in allowing the said car to be in the said position, labeled 'Powder,' the said fire could have been extinguished without any loss or damage to plaintiff."

If the car labeled "Powder" had in fact contained that dangerous combustible, the right of the plaintiff to recover could not admit of doubt, in view of the finding of the court to the effect that but for its presence the fire would have been extinguished without loss. A railroad company, keeping the property of its patrons in its own warehouse for a reasonable time, until it shall be called for, is to be regarded, in the absence of a statute declaring otherwise, as a bailee for hire, and not as a naked depository. Whart. Neg. § 478; Norway Plains

Co. y. Boston & M. R. R., 1 Gray, 273; White v. Railroad Co., 3 Mc-Crary, 559, Fed. Cas. No. 17,543. The actual storage of powder in such close proximity to the property so held as to prevent, through reasonable fear, firemen from extinguishing the fire that does the damage complained of, would be such negligence as would render the company liable. White v. Railroad Co., supra, and authorities there cited; Myers, Fed. Dec. § 612. Although, as a matter of fact, there was in the present case no powder in the car, yet it was labeled "Powder," which fact indicated to every ordinarily prudent person that it contained that article. The fire company acted, as it had the right to do, upon appearances. While it is not shown that the defendant actually put the powder label on the car, it had the control of the car, and permitted it to remain so labeled on its track by the side of its warehouse, and thus represented to every one that it did contain powder. The finding of the court below is to the effect that but for the label upon the car the fire that caused the damage sued for would have been extinguished without loss. Under these circumstances, we are of opinion that the plaintiff was entitled to recover. Judgment reversed, and cause remanded for a new trial.