HOGE et al. v. MAGNES.

(Circuit Court of Appeals, Eighth Circuit. February 21, 1898.)

No. 948.

1. FEDERAL COURTS—CONSTRUCTION OF STATE STATUTE.
The construction by the highest judicial tribunal of a state of its constitution and statutes, relative to the titles and conveyances of real estate situated therein, establishes a rule of property which is controlling authority in the federal courts, if no question of right under the constitution or laws of the nation, and no question of general or commercial law, is involved.

2. PLEADING—EVIDENCE—DEED—VARIANCE.
Where a tax deed offered in evidence at a trial corresponds with that pleaded in the answer in respect to the parties, the year for which the tax upon which it is based was levied, and the date of the sale, minor variances in reference to the first date of publication of notice, and similar matters, such as could not have caused surprise upon the introduction of the deed in evidence, do not warrant its rejection.

8. TAX SALES—SUBSTANTIAL REGULARITY—PRESUMPTION.
Where a statute requires a tax sale to be made at the office of a specified county officer, the fact that a given deed, reciting that the sale was made in substantial conformity with the statute, also recites that the sale was made at the office of a different county officer, does not warrant a presumption that the sale was therefore irregular and void, in the absence of evidence that the two places were not substantially the same.

4. SAME—IRREGULARITY—COLOR OF TITLE.
Although Sess. Laws Colo. 1870, p. 97, § 37, and page 105, § 63, require each lot or tract of land sold for taxes to be valued, assessed, and sold separately, a deed reciting that the sale upon which it is based was of several distinct and widely separated tracts of land for a single gross sum nevertheless constitutes color of title under which one who acquires it in good faith, and who holds possession of the lands it describes, and pays taxes thereon for five successive years, may thereby acquire the absolute title, under Mills' Ann. St. Colo. § 2923

5. APPEAL—BRIEF OF ARGUMENT—RULE 24.

Under rule 24 of the circuit court of appeals (21 C. C. A. cxxii., 78 Fed. cxxii.), if counsel for a plaintiff in error considers the errors he assigns too trivial to warrant him in finding and citing the pages of the record which present them, the court will not deem them of sufficient importance to require it to search for them.

6. SAME—SUFFICIENCY OF EVIDENCE.

Where a case is tried by a federal court without a jury, the sufficiency of the evidence to sustain its findings of fact cannot be considered by the appellate court.

In Error to the Circuit Court of the United States for the District of Colorado.

S. L. Carpenter, for plaintiffs in error.

Hugh Butler, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. John Hoge and Norman S. Pettit, the plaintiffs in error, who had acquired the title from the patentee of the United States to a lot in the state of Colorado, brought an action in the nature of ejectment against Peter Magnes, the defendant in error, who was in possession of the property under a tax title. There is a statute in the state of Colorado to the effect that every person who under claim and color of title made in good faith holds possession and pays all taxes legally assessed upon land for five successive years shall be adjudged to be the legal owner thereof, according to the purport of his paper title. Mills' Ann. St. Colo. § 2923. The defendant in error pleaded as his sixth defense that on the 25th day of July, 1877, the treasurer of the county of Arapahoe, in which county the land was situated, conveyed the premises to him pursuant to a sale thereof for delinquent taxes; that on that day he took possession of the lot in good faith, under claim and color of title; and that he held possession thereof, and paid all the taxes legally assessed thereon, for the term of five successive years thereafter. There were other defenses pleaded, and the averments in the plea of this defense were denied. The case was tried by the court, without a jury. A general finding was made, to the effect that the defendant in error had sustained this sixth defense, and judgment was entered in his favor upon that ground. The writ of error was sued out to reverse this judgment.

The alleged error relied upon in this case is that the tax deed of July 25, 1877, was improperly received in evidence, because it was not the deed described in the sixth defense, and because it was void on its face, and constituted no color of title. The first objection is based upon the fact that the answer pleads a deed made pursuant to a notice of sale on July 19, 1875, first published on June 12, 1875, while the deed purports to be made pursuant to a sale on July 19, 1875, "at [an adjourned sale] the sale begun and publicly held on the twenty-fourth day of May, A. D. 1875." The objection is unworthy of consideration. The parties to the deed, the year for which the tax upon which it is based was levied, and the date of the sale in the answer and in the deed correspond, and the plaintiffs in error could not have been surprised by the introduction of the deed in evidence.

The principal objection to the deed, however, is that it was void on its face, and constituted no color of title, because (1) the statute required the tax sale to be made at the office of the county clerk, while this deed recites that the sale upon which it rests was made at the office of the county treasurer, and (2) because the statute under which the sale was made required each lot or tract of land to be valued, assessed, and sold separately, while this deed recites that the sale upon which it is based was of three distinct and widely separated tracts of land for a single gross sum. Sess. Laws Colo. 1870, p. 97, § 37; Id. p. 105, § 63. The suggestion that the deed is void because the sale was made at the office of the county treasurer, instead of at the office of the county clerk, is deserving of no discussion, because (1) no such objection was made when the deed was offered in evidence, and the question it raises is therefore not here for determination, and (2) if it were, there is no evidence that the office of the county clerk was not also the office of the county treasurer. The deed recites that the treasurer exposed the land at public sale "in substantial conformity with the requirements of the statute in such case made and provided," and no court would be authorized to presume the sale to be irregular and void because it was made at the county treasurer's office instead of at the county clerk's office, in the absence of evidence that the two places were not substantially the same.

The objection that the deed discloses the sale of several distinct parcels of land for one gross sum would be worthy of serious consideration if we were considering whether or not the deed conveyed a perfect title. The question is, however, whether or not this deed notwithstanding the fact that it discloses a sale unauthorized by the statute, gives color of title, under section 2923, Mills' Ann. St. Colo. These are by no means the same questions, and, upon an examination of the decisions of the supreme court of the state of Colorado, we discover that the latter is not open for our consideration. That court has expressly held that a tax deed which recites the sale and conveyance of several separate parcels of land, although void on its face, constitutes color of title under which one who acquires it in good faith, and who holds possession of the lands it describes, and pays taxes thereon for five successive years, may acquire the absolute title under the statute upon which the successful defense in this action was based. Waddingham v. Dickson, 17 Colo. 223, 229, 29 Pac. 177; De Foresta v. Gast, 20 Colo. 307, 312, 38 Pac. 244; Beaver v. Taylor. 1 Wall. 637, 641; Cameron v. U. S., 148 U. S. 301, 307, 13 Sup. Ct. 595. It is not material that, under a similar statute, the supreme court of Kansas and courts of other states have arrived at a different conclusion. In construing state statutes relative to the titles to land, the federal courts follow the decisions of the highest judicial tribunals of the respective states in which the lands are situated. The construction by such a tribunal of a state, of its constitution and statutes, relative to the titles and conveyances of real estate, establishes a rule of property which is controlling authority in the courts of the United States, where no question of right under the constitution or laws of the nation, and no question of general or commercial law, is involved. Bank v. Glass, 49 U. S. App. 228, 232, 25 C. C. A. 151, 153, 154, and 79 Fed. 706, 708, and cases there cited; Christy v. Pridgeon, 4 Wall. 196, 203. Under the decisions of the

supreme court of Colorado to which we have adverted, the tax deed was therefore properly received in evidence.

There are several other assignments of error relative to the admission and rejection of evidence in the record, but we assume that counsel for plaintiffs in error has abandoned them, because he has not pointed out in his brief the pages in the record where the questions they might present are raised. Rule 24 (21 C. C. A. cxxii, 78 Fed. cxxii.) of this court provides that the plaintiff in error shall furnish a brief of the argument exhibiting a clear statement of the points of law or fact to be discussed with a reference to the pages of the record and the authorities relied upon in support of each point. Where counsel for plaintiff in error considers the errors he assigns too trivial to warrant him in finding and citing the pages of the record which present them, the court will not deem them of sufficient importance to require it to search for them. City of Lincoln v. Sun-Vapor Street-Light Co., 19 U. S. App. 431, 436, 8 C. C. A. 253, 255, and 59 Fed. 756, 759; National Bank of Commerce v. First National Bank, 27 U. S. App. 88, 92, 10 C. C. A. 87, 89, 61 Fed. 809, 811; Shoe Co. v. Needles, 32 U. S. App. 410, 417, 15 C. C. A. 142, 147, 67 Fed. 990, 994; Haldane v. U. S., 32 U. S. App. 607, 610, 16 C. C. A. 447, 448, and 69 Fed. 819, 821.

There are five alleged errors assigned with reference to the sufficiency of the evidence to support the judgment of the court, and these are discussed at length in the brief of the plaintiffs in error, and pages of the record are cited to show that the court below was not warranted in coming to the conclusion that the defendant in error made his claim of title in good faith, and that he continued in possession of the premises under it, and paid the taxes legally assessed thereon, for the term of five successive years, as alleged in his answer. These questions, however, are not before us. The case was tried by the court below without a jury. It made a general finding to the effect that all the allegations set forth in the sixth defense were true. This finding was based upon evidence which covers many pages of the record, and upon an agreed statement relative to a part only of the facts. It is conclusive of every fact necessary to sustain the judgment, which was well pleaded in the answer. When a case is tried by a federal court without a jury, the sufficiency of the evidence to sustain its findings of fact cannot be considered by the appellate court. Stanley v. Supervisors, 121 U. S. 535, 547, 7 Sup. Ct. 1234; Wile v. Bank, 36 U. S. App. 165, 167, 17 C. C. A. 25, 26, and 70 Fed. 138; Smiley v. Barker, 83 Fed. 684, 688; Insurance Co. of North America v. International Trust Co., 36 U. S. App. 291, 303, 17 C. C. A. 616, 618, and 71 Fed. 88, 90; Searcy Co. v. Thompson, 27 U. S. App. 715, 13 C. C. A. 349, and 66 Fed. 92. The judgment below must be affirmed, with costs, and it is so ordered.