ADKINS v. W. & J. SLOANE.[2]

(Circuit Court of Appeals, Eighth Circuit. February 12, 1894.)

No. 344.

REVIEW ON APPEAL—SPECIAL FINDING.
Where some of the facts are admitted by stipulation, and others left to be proved, and the court finds the issues for the plaintiff "on all the evidence," the finding is general, and the opinion of the trial court, in which the questions of fact and law are discussed, cannot be considered, in connection with the stipulation, as a special finding of facts, reviewable by the court of appeals.

[1] 14 S. W. 1090.          [2] Rehearing pending.

In Error to the Circuit Court of the United States for the Western District of Missouri.

Attachment by W. & J. Sloane, a corporation, against Isaac Wolf. An interplea was filed by James G. Adkins. Plaintiff obtained judgment. The interpleader brings error.

Henry Wollman and Clarence S. Palmer (R. O. Boggess, Scammon & Stubenrauch, Brown, Chapman & Brown, and Garner & Walsh, on the brief), for plaintiff in error.

Nathan Frank, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. This was a writ of error to reverse a judgment which was rendered on an interplea in an attachment suit. W. & J. Sloane, a corporation, brought suit by attachment against Isaac Wolf on the 7th of December, 1891, alleging, among other things, for the purpose of obtaining a writ of attachment, that Wolf "had fraudulently conveyed or assigned his property and effects so as to hinder and delay his creditors." The writ of attachment was levied on a stock of carpets, mattings, and store fixtures at the time in the possession of James G. Adkins, the interpleader, and situated in a store at Nos. 1221 and 1223 North Main street, Kansas City, Mo. Under the provisions of section 572, Rev. St. Mo. 1889, Adkins filed an interplea claiming the property under a deed of trust in the nature of a mortgage, which had been executed by Wolf on November 30, 1891. The deed of trust purported to convey to Adkins, as trustee, the stock of merchandise which was attached, and certain real estate, and certain notes and accounts, for the common benefit of certain persons named in the deed, who are admitted to be creditors of Wolf, and his only creditors. The interplea alleged generally that Adkins, as trustee, was the owner of, and was in possession of, the attached property when the same was seized, and that Wolf then had no interest in said property. The answer to the interplea averred, in substance, that the property belonged to Wolf when the writ of attachment was levied thereon, and that Adkins held the property at that time under and by virtue of a pretended deed of trust dated November 30, 1891, which had been made and executed by Wolf for the purpose of hindering, delaying, and defrauding his creditors, as the said interpleader well knew. The issues thus framed were tried before the court, pursuant to a stipulation waiving a jury; and the court rendered a judgment in favor of the attaching creditor, and against the interpleader. Subsequently, a judgment was rendered against Wolf in the sum of $5,960.98 on the plaintiff's cause of action, and a further order was entered, sustaining the attachment.

The parties to the interpleader suit filed a stipulation admitting certain facts, but the most important issues arising on the interplea, touching the motives which had actuated the parties to the deed of trust in executing that instrument, were left to be determined by the court from such evidence as might be adduced by either party at

the trial. The record contains the opinion of the circuit court, in which several questions of law and fact are discussed and considered. At the conclusion of the opinion there is an ultimate finding in the following language: "On all the evidence, I find the issues for the plaintiff, and against the interpleader." It is manifest, we think, from an inspection of this record, that we would not be authorized to treat the opinion of the circuit court, together with the admitted facts, as tantamount to a special finding of the facts by the court, such as the act of congress contemplates and authorizes, but must, of necessity, regard them as the equivalent of a general verdict by a jury. Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, and citations. In this view of the case, which we have felt compelled to adopt, the record presents no debatable question which this court is authorized to review, for the reason that no declarations of law were asked, and no exceptions were taken to the admission or exclusion of testimony. The judgment rendered by the trial court was clearly authorized by the pleadings, and this is the only point that we have the right to consider—the finding being general, and no exceptions having been saved either to the admission or exclusion of testimony, or to the giving or refusing of instructions. At the present term this court has had occasion to consider this subject, and to express its views thereon, in three different cases, besides the one at bar. Without repeating what has so recently been said with reference to the proper mode of saving exceptions in law cases which are tried before the court on a stipulation waiving a jury, it will be sufficient to refer to the recent cases, and the authorities therein cited. Walker v. Miller, 59 Fed. 869; Bowden v. Burnham, Id. 752; Trust Co. v. Wood, infra. The judgment of the circuit court, for the reasons above explained, must be affirmed, and it is so ordered. Affirmed.