ADKINS v. W. & J. SLOANE.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1894.)

No. 344.

APPEAL—OBJECTIONS NOT RAISED BELOW—TRIAL BY COURT.

The sufficiency of the evidence to support a general finding by the court on a trial at law without a jury cannot be reviewed on writ of error, where the case was submitted by both parties without a request for a peremptory instruction on the facts, although a general exception was taken to the judgment at the time it was entered.

In Error to the Circuit Court of the United States for the Western District of Missouri.

This was an action by attachment brought by W. & J. Sloane, a corporation, against Isaac Wolf, in which James G. Adkins filed an interplea claiming property taken under the attachment. On trial of the issues arising on the interplea before the court, a jury having been waived by stipulation, judgment was rendered for plaintiff. Adkins brought error, upon which the circuit court of appeals rendered an opinion affirming the judgment. 8 C. C. A. 656, 60 Fed. 344. Adkins moved for a rehearing.

Henry Wollman, Clarence S. Palmer, and R. O. Boggess, for plaintiff in error.

Nathan Frank, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

PER CURIAM. A motion for a rehearing has been filed in this case, which we have duly considered. The point is urged that, even though it be true that the circuit court made a general finding in favor of the defendant in error and against the plaintiff in error, yet there was no testimony whatever to sustain such finding. A general exception was taken to the judgment at the time it was entered, and, in view of that exception, it is now urged that it is the duty of this court to review the testimony on which the verdict was based, and to determine whether there was any evidence to support it. We think, however, that this view is erroneous. The case was submitted to the circuit court, by counsel for both parties, upon the evident assumption that there were certain issues of fact which must be determined by the court. The trial court was not asked to grant a peremptory instruction that, upon the undisputed facts, the intervener was entitled to recover; and, in the absence of such a request, it is well settled that we are not authorized to review the finding of the circuit court, even in the respect above stated. This precise question was decided by the supreme court in the cases of Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321; Cooper v. Omohundro, 19 Wall. 65; Insurance Co. v. Unsell, 144 U. S. 439, 451, 12 Sup. Ct. 671; and by this court in Village of Alexandria v. Stabler, 1 C. C. A. 616, 50 Fed. 689. It is true that in the two cases last cited the trial was before a jury, but the same rule is applicable when the trial is before the court. To raise the issue in this court, on a writ of error, that there was no evidence to support the verdict of the trial court, it should be made to appear that the same issue was presented to the trial judge by an appropriate instruction. The motion for a rehearing is accordingly denied.