HINKLEY et al. v. CITY OF ARKANSAS CITY.

(Circuit Court of Appeals, Eighth Circuit. September 2, 1895.)

No. 619.

1. PRACTICE—FINDINGS OF FACT—OPINION OF COURT.
   A statement of the grounds of decision in an opinion of the court upon deciding a case submitted without the intervention of a jury is not equivalent to a special finding of fact.

2. EVIDENCE—SEVERAL ISSUES.
   Where there are several issues of fact in a case, a party cannot be precluded from giving evidence material upon any one of them because the decision upon another may be such as to preclude him from relying upon the facts which such evidence tends to prove.

3. SAME—TRIAL WITHOUT JURY—HARMLESS ERROR.
   Where a case has been tried by the court without a jury, it is immaterial to consider whether there was error in the admission of evidence bearing solely upon a point which is shown by the opinion of the court not to have entered into the decision of the case.

4. MUNICIPAL CORPORATIONS—REFUNDING BONDS.
   The power conferred on cities of the first, second, and third class to refund their indebtedness, by the act of March 8, 1879 (Laws Kan. 1879, c. 50, § 1), is a power which can only be exercised by means of an ordinance duly enacted. Purchasers of refunding bonds issued by such cities under said act must ascertain whether an ordinance authorizing the issuance of such bonds has been enacted, and cannot rely upon a recital contained therein that they have been legally issued, when no ordinance was in fact adopted. National Bank of Commerce v. Town of Granada, 54 Fed. 100, 10 U. S. App. 692, and 4 C. C. A. 225.

In Error to the Circuit Court of the United States for the District of Kansas.

This was a suit by the plaintiffs in error, Rufus H. Hinkley, George H. Richardson, and Henry St. John Smith, partners in business under the name of Swan & Barrett, against the defendant in error, the city of Arkansas City, a city of the second class of the state of Kansas, to recover the amount due on 170 coupons which were detached from certain refunding bonds that were issued, as the plaintiffs averred, by said city. The complaint, which was in the usual form, alleged, among other things, that before said bonds. or coupons became due and payable they had been purchased for value by the plaintiffs, and that each of said bonds from which said coupons were detached contained the following recital: "This bond is one of the series of fifty-four bonds of like amount, tenor, and effect, executed and issued by the said city to compromise and refund its matured and maturing indebtedness heretofore legally created by said city, and in accordance with an act of the legislature of the state of Kansas entitled 'An act to enable counties, municipal corporations, the board of education of any city and school districts to refund their indebtedness,' approved March 8, 1879, and it is hereby certified that the total amount of this issue of bonds does not exceed the actual amount of the outstanding indebtedness of said city, and that all the requirements of the provisions of the foregoing act have been strictly complied with in issuing this bond." The material portions of the refunding act referred to in the foregoing recital are as follows:

"Be it enacted by the legislature of the state of Kansas: Section 1. That every county, every city of the first, second or third class, the board of education of any city, every township, and every school district, is hereby authorized and empowered to compromise and refund its matured and maturing indebtedness of every kind and description whatsoever, upon such terms as can be agreed upon, and to issue new bonds with semi-annual interest coupons attached, in payment for any sums so compromised; which bonds shall be issued at not less than par, shall not be for a longer period than thirty years, shall not exceed in amount the actual amount of outstanding indebtedness and shall not draw a greater interest than six per cent. per annum.

"Sec. 2. Bonds issued under this act by any county shall be signed by the chairman of the board of county commissioners and attested by the county clerk under the seal of the county. Bonds issued by any city shall be signed by the mayor and.attested by the city clerk under the seal of the city. * * *" Laws Kan. 1879, pp. 80, 81, c. 50.

The defendant city pleaded, in substance, that the bonds and coupons in question were issued without authority of law, and that the same were void for the following reasons, to wit: That on or about July 1, 1887, an election was ordered in said city of Arkansas City, Kan., for the purpose of voting aid to and subscribing to the capital stock of the Grouse Creek Railway Company in the sum of $54,000, said aid to consist of an issue of bonds to the amount of $24,000 and an issue of warrants to the amount of $30,000; that at the time said election was ordered aid had already been extended to said Grouse Creek Railway Company by other municipalities and townships of the county of Cowley, in which the defendant city was located, to the amount of $50,000; that under the laws of Kansas then in force the county of Cowley and the townships and municipalities therein had no power to vote aid to said Grouse Creek Railway Company in excess of $50,000, and that the defendant city was, therefore, without power to extend further aid to said railway company in the sum of $54,000, as contemplated by said election; that, notwithstanding these facts, the mayor of said defendant city, one J. L. Huey, who was also the president of said Grouse Creek Railway Company, assumed to execute aid bonds in the sum of $24,000 and aid warrants in the sum of $30,000 in the name of said city and in favor of said railroad company, and subsequently endeavored to negotiate them, but that in point of fact they were never issued or put in circulation, and never became binding obligations of said city; that thereafter an agreement was made by and between said J. L. Huey, mayor, as aforesaid, and W. N. Coler & Company, a firm of brokers, who were alleged in the answer to be the agents and brokers of the above-

named plaintiffs, whereby said W. N. Coler & Company agreed in behalf of their principals to purchase refunding bonds to the amount of $54,000, provided the same were issued in lieu of said aid bonds in the sum of $24,000 and in lieu of said aid warrants in the sum of $30,000 theretofore executed by said mayor; that, in pursuance of said agreement, said J. L. Huey did procure the issuance of pretended refunding bonds in the sum of $54,000, being the bonds in controversy, and did thereupon deliver the same to W. N. Coler & Company, who were at the time the plaintiffs' agents. The answer further averred the fact to be "that no ordinance of the city council of the defendant city was at any time passed, authorizing the refunding or attempt to refund said pretended bonds and railroad aid warrants; and that in truth and in fact said pretended bonds and railroad aid warrants so attempted to be refunded were not the binding or valid obligations of defendant city,—all of which plaintiffs in this action at the time well knew." It was also averred by the defendant city "that no ordinance of any kind was ever passed at any time by the mayor and council of defendant city authorizing the issue of said pretended aid bonds and aid warrants, and that the same were so pretended to be issued as aforesaid without any notice to the voters of the defendant city, and without any authority of law so to do; and that the same are wholly void, and of no force and effect whatever." A reply was filed to the aforesaid plea or answer, denying all the allegations thereof, and the case went to trial before the court, a written stipulation having been filed, waiving a jury. The circuit court entered a judgment in favor of the defendant city. 61 Fed. 478. To reverse that judgment the record was removed to this court by a writ of error.

W. H. Rossington and Charles Blood Smith, for plaintiffs in error.

John A. Eaton and J. C. Pollock (J. Mack Love, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The case having been tried by the circuit court without the intervention of a jury, its findings on the issues raised by the pleadings having been general, and no instruction having been asked in the nature of a demurrer to the evidence, we are limited in our consideration of the case to such errors as have been assigned relative to the admission or exclusion of testimony. No other errors that may have been committed by the trial court in the progress of the case are before us for review. Searcy Co. v. Thompson, 13 C. C. A. 349, 66 Fed. 92. Two exceptions seem to have been taken by the plaintiffs to the admission of evidence offered by the defendant, one of which exceptions relates to the admission of the book of printed ordinances of the city of Arkansas City that were in force when the refunding bonds now in controversy were issued. The other of the exceptions relates to the admission of a book kept by the defendant city containing a record of its bonded indebtedness. Whether these exceptions, or either of them, were well taken, and are so far material as to warrant a reversal, are the only questions that we can consider.

Counsel for the plaintiffs have assumed that there is in the record a special finding of fact, and that it was specifically found by the circuit court that the plaintiffs were purchasers of the bonds in suit for value, before maturity, and without notice of defenses. On this assumption the question of the admissibility of the ordinance book mentioned above has been argued, but the assumption thus made is erroneous.

As we have before indicated, there is no special finding of fact contained in the record which we can notice, and it goes without saying that this court is without power to examine the testimony for the purpose of making a finding, either general or special. It is true that the record contains an opinion of the trial judge, delivered contemporaneously with the rendition of the judgment, in which he said, among other things, while discussing the case:

"Plaintiffs purchased these bonds from Spitzer & Company, who were innocent holders, and all their rights passed to plaintiffs. Porter v. Steel Co., 122 U. S. 267, 7 Sup. Ct. 1206; Scotland Co. v. Hill, 132 U. S. 107, 10 Sup. Ct. 26. Plaintiffs are, therefore, entitled to all the protection which the law gives to holders of this class of securities who purchased them without notice and for value."

But this is not a special finding of fact which we can accept and be governed by, nor was it intended as such by the trial judge. In legal contemplation, a special finding of fact, as distinguished from a general finding, is one in which the trial judge states succinctly his ultimate conclusion on each material issue of fact raised by the pleadings. It is like a special verdict, or an agreed statement of facts. It must not be a mere recital of the testimony on which the ultimate finding is to be based, nor leave a part of the material issues of fact raised by the pleadings undecided. Moreover, a special finding of fact should be so framed as to indicate clearly that the trial court intended it not merely as an opinion containing a decision upon questions of law and fact, but as a special finding embodying his ultimate conclusions on mooted questions of fact only. Burr v. Navigation Co., 1 Wall. 99, 102; Adkins v. W. & J. Sloane, 19 U. S. App. 573, 8 C. C. A. 656, and 60 Fed. 344; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481. In the present case the only finding which we can notice is that contained in the judgment entry, which recites:

"This said cause comes duly on for hearing and decision by the court. Plaintiffs appear by Messrs. Rossington, Smith, and Dallas, their attorneys, and the defendants by Pollock and Love and John A. Eaton, and thereupon said plaintiffs move the court that it find the issues in favor of said plaintiffs, and render a judgment upon the evidence submitted in favor of said plaintiffs and against said defendant, which motion is by the court overruled, to which ruling plaintiffs duly except, and thereupon the court finds for said defendants and against said plaintiffs, to which finding the plaintiffs duly except. It is therefore by the court considered, ordered, and adjudged that plaintiffs take nothing from the defendant upon the several causes of action as set forth in the petition of the plaintiffs filed herein. * * *"

This must be regarded as a general finding in behalf of the defendant city, and the only finding which the record contains.

Starting, however, with the assumption that the plaintiffs were purchasers of the refunding bonds for value, before maturity, and without notice that they had not been authorized by ordinance, counsel contend that the admission of the ordinance book was erroneous, because the recital contained in the bonds estopped the city from asserting that its council had not authorized the alleged aid bonds and aid warrants to be refunded. The obvious answer to this contention is that, when the ordinance book was admitted, the defendant

was entitled to prove, if it could, all the facts alleged in its answer, namely, that the city council had never authorized the refunding of the alleged aid bonds and aid warrants, that the mayor had assumed to exercise that power without the sanction of the city council, and that the plaintiffs were well aware of these facts when they purchased the bonds. The admission of the ordinance book was one step in the direction of establishing the averments of its answer, which the city was entitled to take, because the book tended to show that no refunding ordinance had been adopted. And in passing upon the admissibility of the book when it was offered, it was not necessary to consider whether the city would ultimately succeed in proving the other facts alleged in its plea that were essential to make out a complete defense. When a defense pleaded is made up of several independent facts, a defendant cannot be compelled to prove all of said facts at once, but must of necessity be allowed to offer any competent evidence which has a direct tendency to establish any of the several facts which together constitute the defense. As no objection was made to the ordinance book on the ground that it was not properly authenticated, and as the sole objection to it seems to have been that the fact intended to be proven by the book was not relevant or material, because the plaintiffs were innocent purchasers, we must hold that the objection made was properly overruled, and that the book was properly admitted in evidence.

The other item of evidence which was objected to, namely, the book containing a record of bonded indebtedness, would seem to have been offered by the defendant solely for the purpose of showing that under the constitution and laws of Kansas it had exhausted its power to contract any further bonded indebtedness prior to the execution of the alleged aid bonds and aid warrants, and prior to the issuance of the refunding bonds in lieu thereof. The plaintiffs objected to the evidence on the ground that the book offered was "not the bonded record of the city," that it was "not a book provided by law to be kept," that it was "not a public record," and was, therefore, "incompetent, irrelevant, and immaterial." It appears from the testimony that there were two books in which the city had at different times kept an account of its bonded indebtedness,—one a new book, then in use; and the other an old book, formerly used. A controversy arose at the trial as to which of these books was the proper record, and whether the city clerk had produced the proper book in obedience to a subpœna therefor that had been issued by the plaintiffs. It would seem from what occurred in the course of this controversy that the plaintiffs' counsel did not object to proof of the bonded indebtedness of the defendant city, but that their insistence was that the fact should be proven, not orally, as at first attempted, but by the record of indebtedness kept by the city, and that the book actually produced, which seems to have been the new record into which certain entries found in the old record had recently been copied, was not the proper record to establish the amount of the bonded debt. We think it wholly unnecessary to decide at this time whether the objections urged against the admissibility of the book now in question were well founded or otherwise, because the case was tried by

the court without a jury, and the record shows conclusively that the admission of the book showing the amount of the bonded debt had no influence whatever on the judgment ultimately rendered. From the opinion of the circuit court, which is incorporated into the record, it appears that the judgment in favor of the defendant city was based solely on the ground that the refunding act of March 8, 1879, supra, conferred on the defendant city a power which could only be exercised by it by means of an ordinance or resolution passed by its council and approved by its mayor; that it was the duty of the bond purchaser to ascertain by proper inquiry whether such an ordinance or resolution had been enacted; and that it was beyond the power of the mayor and city clerk to issue refunding bonds without the sanction of the council, or to bind the city by estoppel to pay refunding bonds not authorized by the council, by a recital inserted therein that they had been duly and legally issued. The circuit court did not rest its judgment in favor of the defendant city on the ground that the limit of legal indebtedness had been reached before the bonds in suit were executed, but ignored that defense altogether; wherefore the admission of the evidence complained of did no harm. Swan v. City of Arkansas City, 61 Fed. 473. The decision of the trial judge on the points last mentioned was in accordance with the decision of this court in National Bank of Commerce v. Town of Granada, 10 U. S. App. 692, 4 C. C. A. 212, and 54 Fed. 100, and we fully concur therein. The result is that the record before us discloses no material error, and the judgment of the circuit court is therefore affirmed.