## MINCHEN v. HART et al.

(Circuit Court of Appeals, Eighth Circuit. January 7, 1896.)

No. 647.

1. PRACTICE—FORM OF OBJECTIONS.

Neither an objection to evidence, that it is "incompetent," without stating why, nor an objection to a notice to produce documents, because it "does not comply with the statute in some respects," without stating in what respects, is sufficient.

2. SAME—FINDINGS BY COURT.

A decision by the court to which a case has been submitted without a jury, in which the facts specially found are mingled with a statement of the evidence and a discussion of the law, cannot be regarded as a special finding of facts.

3. PRACTICE ON APPEAL—REVIEW OF FACTS.

The circuit court of appeals has no authority, in any case, to examine the testimony with a view of determining whether it was sufficient to support a finding of the trial court to which a case has been submitted without a jury.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

This action was brought in the circuit court of the United States for the Southern district of Iowa, by Hart, Schaffner & Marx, against W. T. Minchen, to recover $3,447.75, the value of certain goods sold by the plaintiffs to Jonas Nichols upon the following written guaranty of the defendant.

"Carroll, Iowa, August 14, 1893.

"Hart, Schaffner & Marx, Chicago—Gentlemen: I will guaranty the payment of such purchases as Jonas Nichols may make of you in the line of merchandise in [which] you deal for this [fall] and winter trade.

"Yours respectfully,                             W. T. Minchen."

The answer was a general denial. By a stipulation in writing, signed by the parties and filed with the clerk, a jury was waived, and the cause tried before the court, which rendered a judgment for the plaintiffs for the value of the goods sold on the faith of the guaranty (69 Fed. 520), and the defendant sued out this writ of error.

A. U. Quint (Ross & Ross were with him on the brief), for plaintiff in error.

D. K. Tenney, H. K. Tenney, S. P. McConnell, M. L. Coffeen, and C. H. Wells filed brief for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Exceptions were taken to the admission of the testimony of one of the plaintiffs, to the effect that he acknowledged, by letter, the receipt of the defendant's letter of guaranty, and that he sold Nichols the goods on a credit on the faith of that guaranty. The only objection interposed at the time to the admission of this testimony was the common, if not meaningless, formula, that it was "incompetent, immaterial, and irrelevant." It was clearly material and relevant, and why it was incompetent was not stated. The exception, therefore, goes for nothing. If a reason had been

given why it was incompetent, it would probably have been that the letter acknowledging the receipt and accepting the guaranty was the best evidence, and should be produced. If the exception had been stated in this form, it would have been unavailing, because it was shown that written notice was served on the defendant to produce the original letter, and that he refused to produce it, and thereupon the court properly admitted a duly authenticated letterpress copy of the same.

It is assigned for error that "the court erred in holding that the notice to produce documentary evidence, as served on the attorneys for the defendants, was sufficient." What the documentary evidence was, and why it was error to admit it, is not stated in the assignment of errors. It appears, from the record, that the defendant objected to the introduction of certain "documentary evidence," because the notice to produce it "does not comply with the statute in some respects." But in what respect it fell short of the statutory requirements was not stated, and the objection was, therefore, rightly overruled. Like insufficient objections were taken to a few words, or short sentences, in the testimony of two other witnesses. The testimony objected to had no bearing on the merits of the case, and is so irrelevant and immaterial as not to require or justify a further reference to it.

The assignment of error chiefly relied on is that the court erred in its finding on the testimony. It is not very easy to determine from this record whether the court's finding of facts was intended to be general or special. We call attention again to the very unsatisfactory practice that obtains in some of the circuit courts in the trial of cases before the court without a jury. The finding in such cases may be general, like the general verdict of a jury, or it may be special, like the special verdict of a jury. When the finding is special, the facts found should be stated as they would be in a special verdict of a jury. In stating the facts found, no reference whatever should be made to the evidence upon which those facts are found. Neither the evidence nor any discussion of it should be injected into the ultimate finding of facts, upon which the court rests its judgment. The special finding of facts should be a clean-cut statement of the ultimate facts, without importing into it the evidence, or the reasoning by which the court arrived at its finding. If the court desires to edify the beaten party by setting out and discussing the evidence, and giving the reasons for its finding thereon, it may do so; but the paper which contains all this should not be a part of, or in any way connected with, the special finding of facts. In the opinion of the court, found in the record, the facts specially found are so mingled with a statement of the evidence, and a discussion of law and facts, and the reasons for the court's conclusions thereon, that we cannot say that it is any more than an opinion of the court intended to vindicate the correctness of its general finding of the issues of fact and law in favor of the plaintiffs. An opinion stating evidence, instead of facts found, is not a statement of facts, or a special finding of facts. Adkins v. Sloane, 8 C. C. A. 656, 60 Fed. 344; on rehearing,

10 C. C. A. 69, 61 Fed. 791; Dickinson v. Bank, 16 Wall. 257; Town of Ohio v. Marcy, 18 Wall. 552; Flanders v. Tweed, 7 Wall. 425.

But the sufficiency of the facts found, whether the finding be treated as general or special, to support the judgment, is not questioned. The assignment of error is that the evidence did not warrant the court in finding the issues of fact as it did, and not that the facts as found by the court did not support the judgment. As was said by the supreme court in Lehnen v. Dickson, 148 U. S. 71, 77, 13 Sup. Ct. 481, "the duty of finding the facts is placed upon the trial court. We have no authority to examine the testimony in any case, and from it make a finding of the ultimate facts." Moreover, if it were permissible for this court to examine the testimony, with a view of determining whether it was sufficient to support the court's finding of facts, the bill of exceptions does not show that the record contains all of the evidence.

The judgment of the circuit court is affirmed.