## TOWNSEND v. BEATRICE CEMETERY ASS'N.

(Circuit Court of Appeals, Eighth Circuit.  May 2, 1905.)

No. 2,090.

APPEAL—REVIEW—ABSENCE OF EVIDENCE FROM RECORD.

On appeal in an equity case, recourse cannot be had to an opinion filed by the court below to ascertain the facts, where there is no evidence in the record; and, where the case was decided on issues of fact, it cannot be reviewed.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 2967.]

Appeal from the Circuit Court of the United States for the District of Nebraska.

Richard S. Horton, for appellant.

Ernest O. Kretsinger, for appellee.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge.  The appellee, Beatrice Cemetery Association, a corporation of the state of Nebraska, filed its bill in equity against appellant, W. J. Townsend, alleging, in substance, that it owned certain lands described, platted into blocks and lots for the sole purpose of being used as a cemetery, and not with a view to profit; that a large number of bodies had been buried therein; and that it was improving and beautifying the whole premises, to be used for the purpose of the burial of the dead.  The bill alleged that in March, 1899, the defendant therein recovered a judgment in the United States Circuit Court at Omaha, Neb., against said association for the sum of $5,082.66, and $64.40 costs; that the defendant had filed a certified transcript of said judgment in the office of the clerk of the district court of Gage county, Neb., in which the cemetery lots are situated; that the defendant claims to have a judgment lien upon the unsold lots and blocks in said cemetery grounds, and was threatening to cause execution to issue upon said judgment against said lots, to sell them to satisfy said judgment. The bill alleges that said property, under the laws of the state of Nebraska, is exempt from sale under execution to collect said judgment, and that the action of the defendant in filing said judgment, and threatening to enforce the same as a lien on said land, casts a cloud upon the title.  The bill prays to have said cloud removed,

and for all proper relief. The defendant below made answer to this bill, which is not material to be recited, as the case on appeal depends upon the cross-bill hereinafter mentioned. In its cross-bill the defendant alleged the ownership by the cemetery association of the real estate described in the bill of complaint; that only a part of said property is used as a burying ground, and a portion thereof is leased by the complainant for agricultural purposes. It then sets out the recovery of the judgment against the association, and alleges that it is a lien upon the property aforesaid. The cross-bill further alleges that it was adjudicated by the said court in the action in which the said judgment was recovered that the indebtedness represented by the judgment grew out of a loan of money by said defendant, Townsend, to said association, which said sum of money was obtained and used by said association to pay an indebtedness which it created in the purchase of said land. The cross-bill prayed that said judgment be declared to be a lien upon certain portions of said lands, and that the said association be enjoined from selling and disposing of any part of the same. It further prayed that a receiver be appointed to collect the proceeds from the sale of all lots in the west 40 acres of said property, and for other proper relief. To this cross-bill the complainant below made answer, putting in issue the material allegation in the cross-bill; specifically denying that the land on which the lien is sought to be enforced is used for agricultural purposes, further than to allow the sexton, who is employed by the association at a salary of $200 per year, to use the grass and crops which he raises thereon in part payment of his salary; alleging that such cultivation of the ground is only intended for its better preparation for the use of a cemetery. It then set out the number of persons buried in said cemetery, and the probability of the use in the near future of the whole of said property for such burial purposes; that a portion of the land on which the said lien is sought to be enforced is already occupied by graves of the dead buried therein. It denied that the said judgment was a lien on any of the property in question, and denied that the cross-complainant was entitled to the appointment of a receiver, as prayed. The formal replication was filed to this answer. The Circuit Court entered a decree dismissing the bill of complaint, and also the cross-bill of complaint. From the action of the court in dismissing said cross-bill the said Townsend took an appeal to this court, assigning for error that the Circuit Court erred in dismissing the cross-bill; that it erred in denying the prayer of respondent for the appointment of a receiver, and in not rendering a decree for respondent upon his cross-bill.

The only question, therefore, before this court for review, is the action of the Circuit Court in dismissing the cross-bill. The only records respecting the proceedings on the cross-bill before this court are the cross-bill, answer, reply, and decree of the court dismissing the bill. There is not one word of evidence preserved in this record. Counsel seem to have assumed that the memorandum opinion filed by the trial judge during the pendency of the case, which is sent up with the record, can be referred to on this appeal for the ascertain-

ment of the essential facts in evidence. This is a fatal misconception. Recourse cannot be had to such opinion to ascertain the facts. Dickinson v. Planters' Bank, 16 Wall. 250, 21 L. Ed. 278; Saltonstall v. Birtwell, 150 U. S. 417, 14 Sup. Ct. 169, 37 L. Ed. 1128; England v. Gebhardt, 112 U. S. 502, 5 Sup. Ct. 287, 28 L. Ed. 811; Kentucky Life & Acc. Ins. Co. v. Hamilton, 63 Fed. 93, 11 C. C. A. 42; Hinkley et al. v. City of Arkansas City, 69 Fed. 768, 16 C. C. A. 395; Adkins v. Sloane, 60 Fed. 344, 8 C. C. A. 656; Id., 61 Fed. 791, 10 C. C. A. 69.

The appellant sought by his bill one of two things—either to have the unsold lots of the cemetery association sold under execution to satisfy his judgment, or, if that could not be done, then "that a receiver may be appointed to collect the proceeds of the sale of all lots in the west forty acres of said property." In either case his right to invoke the aid of a court of equity is predicated of the allegation in the bill that the indebtedness for which the said judgment was rendered grew out of a loan of money by appellant to said cemetery association, and which was used in purchasing said property. This allegation is put in issue by the answer. As already stated, the record before us does not present the evidence, either in the form of depositions or ore tenus, to establish this important issue. As, under the statute of the state of Nebraska, such property, platted and designated for use as a burial ground, is not subject to sale on execution (section 53, c. 16, Comp. St. 1903), the cross-complainant recognized that, if he had any ground of relief whatever for the collection of his judgment debt, it was predicable of the existence of the fact that the consideration of the judgment was money loaned by him to the association, with which the said property was purchased. Without proof of this fact, his case would fail, without the court considering and determining whether or not equity could afford him the assistance he asks if the fact of such use of the money were proven.

As the decree shows that the cause was heard upon the cross-bill, answer, and reply, "and the proofs in the case," the dismissal of the cross-bill was therefore predicated upon proofs for want of equity. The proofs not being before the court, it results that the decree of the Circuit Court must be affirmed.