PACIFIC SHEET METAL WORKS v. CALIFORNIAN CANNERIES CO., Limited.

(Circuit Court of Appeals, Ninth Circuit.   October 12, 1908.)

No. 1,531.

1. APPEAL AND ERROR (§ 1010*)—REVIEW—FINDINGS OF FACT.
    The finding of a Circuit Court on a question of fact in an action at law tried by stipulation without a jury is conclusive on a reviewing court if there is any evidence in its support.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3979; Dec. Dig. § 1010.*]

2. COURTS (§ 356*)—PRACTICE IN FEDERAL COURTS—APPEAL—RECORD—OPINION OF LOWER COURT.
    Under the federal practice the opinion of a trial court cannot be referred to by an appellate court for the purpose of ascertaining the facts upon which the judgment was based, nor to control the formal findings made, although a reference thereto is incorporated in the bill of exceptions.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

3. CONTRACTS (§ 303*)—ACTION FOR BREACH—DEFENSES.
    Under a contract which required defendant to furnish plaintiffs with all the tin cans required in its cannery during a season, not exceeding a stated number in any one day, with a proviso that it should be released from any obligation if it should be unable to perform by reason, inter alia, "of damage by the elements or of any unavoidable casualty," it was no defense to an action for breach of the contract for failure to furnish the number of cans required that defendant contemplated the use of a cargo of tin which at the time the contract was made had been shipped from Liverpool for San Francisco by way of Cape Horn, and that by reason of adverse weather the vessel was longer than usual in making the voyage, there being no provision in the contract with respect to such shipment.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1409; Dec. Dig. § 303.*]

4. DAMAGES (§ 23*)—BREACH OF CONTRACT—LOSS OF PROFITS.
    Where it was within the contemplation of the parties when such contract was made that plaintiff was engaged in canning green fruit and vegetables during the season, that it would make contracts for the purchase of such supplies and for the sale of its canned products in reliance on its contract with defendant for cans, on a failure to furnish the number required plaintiff was entitled to show as an element of the damages recoverable the profit it would have realized from its sales but for the breach of contract.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. § 58; Dec. Dig. § 23.*]

In Error to the Circuit Court of the United States for the Northern District of California.

For opinion below, see 144 Fed. 886.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Olney & Mannon, for plaintiff in error.

H. G. Platt, Richard Bayne, and Joseph C. Meyerstein, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. This action was brought by the Californian Canneries Company, Limited, a corporation, to recover damages from the Pacific Sheet Metal Works, a corporation, for alleged breach of contract.

The complaint charges that plaintiff and defendant entered into a contract by which the plaintiff agreed to purchase, and defendant agreed to sell and deliver to plaintiff, between July 12 and December 31, 1899, as and when ordered, all the tin cans which should be used in plaintiff's cannery at San Francisco during the packing season of 1899, not exceeding 100,000 cans in any one day; that at the time of the execution of the contract defendant knew that plaintiff was engaged in the business of canning green fruit and vegetables, and, in reliance upon the performance of said contract by defendant, would purchase large quantities of green fruits and vegetables, and would enter into contracts for the sale and delivery thereof when canned, and that unless said cans were promptly delivered, as ordered, the plaintiff would be unable to pack all of the fruit and vegetables purchased for canning, or comply with its contracts for the sale and delivery of such canned products, and would lose the profit which it would otherwise make from the sale of the same. The complaint further alleges that defendant did not deliver the number or variety of cans ordered by plaintiff under said agreement; that plaintiff thereby sustained damage in the sum of $28,578, on account of fruit which it was compelled to throw away, loss of profit which it would have made if such fruit had been canned, and for wages paid its employés during times when they were idle, waiting for defendant to make delivery of the cans contracted for.

The answer of defendant denies all of the material allegations of the complaint, and then alleges that the only contract made between the plaintiff and defendant is the one fully set out in the answer, the material parts of which are as follows:

"This agreement executed in duplicate by and between the Pacific Sheet Metal Works, hereinafter called seller, and Californian Canneries Company, Ltd., of Newcastle on Tyne, England, hereinafter called buyer, witnesseth:

"1. The seller agrees to sell and deliver to the buyer, and the buyer agrees to purchase and receive of and from the seller, all the tin cans which shall be used in its or their cannery at San Francisco, during the packing season of 1899, not exceeding, however, 100,000 cans in any one day."

"4. Place of delivery f. o. b. San Francisco, at its cannery.

\*        \*        \*        \*        \*        \*        \*        \*        \*        \*

"8. If the seller shall be unable to perform any of its obligations under this contract, by reason of strike or of damage by the elements, or of any unavoidable casualty, such obligations shall at once terminate and cease."

The answer also alleges, as matters of defense:

"(1) That a strike was inaugurated in defendant's factory on August 24, 1899, by its workmen, whereby it was released from performing its contract.

"(2) That, at the date of the contract between plaintiff and defendant, defendant had on board the ship Ancois, then on her way from Liverpool to San Francisco, enough tin plate for the manufacture of 5,000,000 tin cans. That said ship, with said tin plate on board, sailed from Liverpool, England, on January 28, 1899. That the usual time required for a voyage for such a ship from Liverpool to the port of San Francisco is from 115 days to 140 days, but she did not arrive in San Francisco until July 30, 1899, having been 182 days on her voyage; that the Ancois was in all respects seaworthy and fit for the voyage in which she was engaged, and that the delay in arriving at San Francisco was caused by damage done to her by the storms and high winds which she encountered in making the voyage."

The case was tried by the court without a jury, and the court found:
That the contract between plaintiff and defendant is correctly set forth in the answer; that—

"the defendant between August 8, 1899, and September 13, 1899, failed to deliver to plaintiff 143,000 cans, under and in accordance with the terms of the contract of April 12, 1899.

"That on the 24th and 25th days of August, 1899, there was a strike in defendant's factory, which released the defendant from the necessity of complying with the orders of plaintiff for those two days, and that plaintiff was not entitled to demand cans from defendant on Sundays and other legal holidays, during the period of the said contract, but that the said defendant failed to deliver to plaintiff 143,000 cans under the terms of said contract, exclusive of those cans from which it was released by reason of the said strike, and cans ordered on Sundays and holidays."

The court further found that the defendants purchased in England, and shipped on board the Ancois, enough tin plate for the manufacture of 5,000,000 tin cans; that said ship sailed from Liverpool, England, for San Francisco on January 28, 1899, that the usual time required for such a voyage, by a vessel like the Ancois, is from 115 to 140 days; that she did not arrive at the port of San Francisco until July 30, 1899, 182 days after leaving Liverpool; that this delay was caused by heavy storms and calms encountered by the ship.

Upon these and other findings as to the loss of fruit which plaintiff was compelled to throw away because of nondelivery of cans, and loss of profit upon fruit which would have been canned had defendant furnished the cans which plaintiff was entitled to receive under the contract, and wages paid by plaintiff to its employés during times when they were idle because cans were not delivered when ordered, the court found that plaintiff had sustained damage, by reason of defendant's breach of contract, in the sum of $7,264.75, with interest thereon at 7 per cent. per annum from December 22, 1900, and after deducting therefrom $1,640.72, with interest at the rate of 6 per cent. per annum from January 1, 1900, which it allowed defendant as a set-off, the court further found that plaintiff was entitled to recover from defendant $8,084.57. Judgment was thereupon entered in favor of the plaintiff for that sum with costs. The case is brought here by the defendant on a writ of error.

1. The plaintiff in error insists that the Circuit Court erred in finding that there was a failure on its part to deliver 143,000 or any number of cans, required or needed by the defendant in error at its cannery. Whether there was such failure or not is a pure question of fact, and this being an action at law, and before us on writ of error,

the finding of the Circuit Court as to the fact, if there was any evidence upon which to base the finding, is conclusive here.   King v. Smith, 110 Fed. 95, 49 C. C. A. 46, 54 L. R. A. 708; Eureka County Bank v. Clarke, 130 Fed. 326, 64 C. C. A. 571; Dooley v. Pease, 180 U. S. 126, 21 Sup. Ct. 329, 45 L. Ed. 457; Stanley v. Supervisors, 121 U. S. 547, 7 Sup. Ct. 1234, 30 L. Ed. 1000; Runkle v. Burnham, 153 U. S. 216, 14 Sup. Ct. 837, 38 L. Ed. 694; Hathaway v. Bank, 134 U. S. 494, 10 Sup. Ct. 608, 33 L. Ed. 1004.

We cannot say from the record before us that there was no evidence before the Circuit Court in support of the finding to which exception is taken.   The contract between the parties bound the plaintiff in error to sell and deliver, and the defendant in error to purchase from the former, all of the tin cans which the latter would need for use in its cannery at San Francisco during the year 1899, not exceeding 100,-000 cans in any one day.   The number of cans which would thus be needed not having been definitely fixed by the contract, it was the duty of the defendant in error to notify the plaintiff in error of the number which it would need, and, if after such notice the plaintiff in error failed to deliver the cans so called for, the failure to deliver constituted a breach of the contract on its part, provided the number demanded was not more than 100,000 cans in any one day, and was not in excess of the number actually needed by the defendant in error at its cannery.

There was much evidence tending to show that the defendant in error made demands upon the plaintiff in error from time to time, between the dates named in the finding of the court, for delivery of cans, under the contract; that the number of cans ordered was less than the maximum number stated in the contract; that all of the cans called for were needed in its business; that the cans so ordered were not all delivered, and that in consequence thereof the defendant in error was compelled to throw away a great deal of fruit which it had purchased and had on hand for the purpose of canning.   It was for the court below to determine from this, and from the counter evidence offered by the plaintiff in error, whether there had been any breach of contract on the part of the plaintiff in error, and, under the rule established by the cases above cited, its finding as to the fact cannot be disturbed by us.   As said in Behn v. Campbell, 205 U. S. 407, 27 Sup. Ct. 504 (51 L. Ed. 857):

"An appeal brings up questions of fact, but upon a writ of error only questions of law apparent on the record can be considered, and there can be no inquiry whether there was error in dealing with questions of fact."

2. It is also assigned as error that the undisputed facts show that in finding that the plaintiff in error failed to deliver 143,000 cans, ordered by the defendant in error, the court erroneously included in such finding 35,250 cans not delivered on August 24th, on which day there was a strike which excused the plaintiff in error from making a delivery on that day.   It is argued that this error is conclusively shown by the opinion which was filed by the judge of the Circuit Court, and that this opinion is made a part of the record to which this court has a right to look for the purpose of ascertaining the facts by the following recital found in the bill of exceptions:

"The particulars making up what the court claims is a total shortage of 143,000 cans are stated in the opinion of the court, to which reference is hereby made."

It has been distinctly held that the opinion of the court, assigning reasons for its conclusions, cannot be treated as a special finding. British Queen Mining Co. v. Baker Silver Mining Co., 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147. Nor can the opinion of the trial court be considered for the purpose of helping the findings. Saltonstall v. Birtwell, 150 U. S. 417, 14 Sup. Ct. 169, 37 L. Ed. 1128. Nor for the purpose of modifying or controlling the findings. Stone v. U. S., 164 U. S. 380, 17 Sup. Ct. 71, 41 L. Ed. 477; Townsend v. Beatrice Cemetery Ass'n, 138 Fed. 381, 70 C. C. A. 521; Kentucky Life & Accident Ins. Co. v. Hamilton, 63 Fed. 93, 11 C. C. A. 42; Hinkley v. City of Arkansas City, 69 Fed. 768, 16 C. C. A. 395.

In Loeb v. Columbia Township Trustees, 179 U. S. 472, 21 Sup. Ct. 174, 45 L. Ed. 280, it was held that the opinion of the Circuit Court might be examined by the Supreme Court in order to ascertain "whether either party claimed that the state statute, upon which the judgment necessarily depended, in whole or in part, was in contravention of the Constitution of the United States"; and the court added:

"By this, however, we must not be understood as saying that the opinion below may be examined in order to ascertain that which under proper practice should be made to appear in the bill of exceptions, or by an agreed statement of facts, or by the pleadings."

And it was further said in that case, referring to certain language found in England v. Gebhardt, 112 U. S. 502, 5 Sup. Ct. 287, 28 L. Ed. 811:

"What was said may undoubtedly be taken as an adjudication that the opinion of the court cannot under our rule be referred to for the purpose of ascertaining the evidence or the facts found below, upon which the judgment was based."

Under the rule declared in the foregoing cases, we are precluded from referring to the opinion of the Circuit Court for the purpose of ascertaining the facts upon which its judgment was based, unless the recital above quoted from the bill of exceptions makes the rule inapplicable, and we are clearly of opinion that it does not have this effect. The recital does not change the opinion of the Circuit Judge into a special finding of facts, nor make the opinion anything other than what it was when originally filed—a simple memorandum or statement of the reasons for the general conclusion reached by the judge, but never intended to take the place of the more full and deliberate findings of facts and conclusions of law subsequently made and filed, and upon which the judgment of the court rests.

3. The finding that plaintiff in error shipped a large quantity of tin upon the ship Ancois, and that such ship was delayed in reaching San Francisco on account of the storms and winds encountered by her on the voyage from Liverpool, does not constitute a defense to the action. Such finding is not sufficient to show that the plaintiff in error was prevented from the performance of its contract by reason of "damage by the elements, or any unavoidable casualty." If the contract had contained an express or implied stipulation that the cans

plaintiff in error agreed to deliver were to be manufactured from the tin then laden on the Ancois and to be by her brought from Liverpool to San Francisco, around Cape Horn, the question would be different from the one now before us. Anderson v. May, 50 Minn. 280, 52 N. W. 530, 17 L. R. A. 555, 36 Am. St. Rep. 642; Stewart v. Stone, 127 N. Y. 502, 28 N. E. 595, 14 L. R. A. 215. But there was no such express stipulation, and there is nothing in the nature of the contract itself, when considered in connection with the surrounding circumstances and situation of the parties, to authorize the court to construe it as containing such an implied condition or stipulation. The contract was an absolute one upon the part of the plaintiff in error to deliver the cans referred to in the contract, unless prevented from so doing by an unavoidable casualty or by reason of damage from the elements. If the plaintiff in error did not have on hand a sufficient quantity of tin for the manufacture of the cans contracted for, it was free to adopt any course to procure the tin, needed to carry out the contract, which its judgment might suggest. It was not restricted to shipping the same around Cape Horn, on the Ancois. It had the right under its contract to import the tin into New York and then bring the same by rail to San Francisco, and it cannot be excused from performance by reason of the facts that it chose to rely upon the ability of the Ancois to make the voyage around Cape Horn within such time as would permit it to fulfill its contract, rather than to have the tin brought from New York by rail, and that the vessel was delayed by storms and winds beyond the time usually consumed on such a voyage.

4. The complaint alleged, and there was evidence tending to show, that it was within the contemplation of the parties when the contract was made that defendant in error would sell the fruit which it might can, and had entered into contracts to sell the same. In view of the allegations of the complaint, and this evidence, the court did not err in permitting the defendant in error to show the profits which it would have realized upon fruit which it would have canned if the plaintiff in error had complied with its contract. Messmore v. New York Shot & Lead Co., 40 N. Y. 422; Griffin v. Colver, 16 N. Y. 493, 69 Am. Dec. 718.

Judgment affirmed.