## CITY OF GOLDFIELD, COLO., v. ROGER.

### ROGER v. CITY OF GOLDFIELD, COLO.

(Circuit Court of Appeals, Eighth Circuit. February 23, 1918.)

Nos. 4831, 4832.

1. **APPEAL AND ERROR** ⬥759—BRIEFS—ASSIGNMENTS OF ERROR.
    Assignments of error, not set out in plaintiff in error's brief, as required by rule 24 (150 Fed. xxxiii, 79 C. C. A. xxxiii), cannot be considered.

2. **APPEAL AND ERROR** ⬥846(5)—REVIEW—MATTERS REVIEWABLE.
    In the national courts, where a cause is tried to the court without a jury, and no special findings are made, and none requested, there is nothing for review by an appellate court.

3. **TRIAL** ⬥393(1)—FINDINGS—SPECIAL FINDINGS.
    Where, in an action tried to the court, an opinion stating certain facts was filed, the facts recited cannot be treated as special findings.

4. **APPEAL AND ERROR** ⬥110—REVIEW—NEW TRIAL.
    Where, after entry, plaintiff filed motion to reconsider and enlarge the judgment, and such motion was denied, and exceptions taken, the motion, being practically a motion for new trial, cannot be reviewed on writ of error.

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by John Roger against the City of Goldfield, Colo. There was a judgment for plaintiff for part only of the relief sought, and plaintiff brings error, and defendant likewise brings error. Affirmed.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

W. M. Alter, of Victor, Colo. (Edward J. Boughton, of Victor, Colo., on the brief), for plaintiff in error in No. 4831 and for defendant in ·error in No. 4832.

C. A. Ballreich, of Pueblo, Colo. (W. L. Hartman, of Pueblo, Colo., on the brief), for defendant in error in No. 4831 and for plaintiff in error in No. 4832.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. These are writs of error to review a judgment at law tried to the court without a jury, both parties prosecuting writs of error.

[1] The brief filed by counsel on behalf of the plaintiff in error in No. 4831 fails to set out the assignments of error upon which they rely, as required by rule 24 (150 Fed. xxxiii, 79 C. C. A. xxxiii) of this court. In City of Lincoln v. Sun Vapor Street Light Co., 59 Fed. 756, 8 C. C. A. 253, this court announced that the provisions of this · rule, particularly in respect to assignments and specifications of error in briefs will be strictly enforced by the court. The opinion in that case was filed January 29, 1894, and has been enforced ever since. The judgment against the city must therefore be affirmed.

[2] In No. 4832 the same result is reached. As hereinbefore stated, the case was tried to the court without a jury. No special findings were made by the court, nor did either of the parties request the court to make them. The rule of law is well settled in the national courts that in a cause tried to the court without a jury, where no special findings are made, and none requested, there is nothing to be reviewed by the appellate court.

[3] The court filed an opinion in which it states certain facts, but facts recited in the opinion of the court cannot be treated as special findings in the cause. National Bank of Commerce v. First National Bank, 61 Fed. 809, 10 C. C. A. 87; Hinkley v. City of Arkansas City, 69 Fed. 768, 16 C. C. A. 395; Insurance Co. v. International Trust Co., 71 Fed. 88, 17 C. C. A. 616; National Masonic, etc., Ass'n v. Sparks, 83 Fed. 225, 28 C. C. A. 399; Townsend v. Beatrice Cemetery Ass'n, 138 Fed. 381, 70 C. C. A. 521; Mason v. United States, 219 Fed. 547, 135 C. C. A. 315.

[4] Aside from this, no exceptions were taken by the plaintiff at the trial to the judgment of the court. The only exception taken by the plaintiff was:

"To the findings of the court as to the amount due the plaintiff and to the order of judgment entered herein, so far as the amount in the judgment is concerned, and to the order of court overruling plaintiff's motion to enlarge the judgment, which order was entered of record on the 13th of April, 1916, and to the several rulings by the court pertaining to the evidence, all as aforesaid, the plaintiff by his counsel duly excepts."

The judgment was entered on March 6, 1916; the motion of plaintiff to enlarge the judgment was filed on March 20, 1916; the order denying the motion of plaintiff for reconsideration of the judgment was entered April 15, 1916, 40 days after the judgment had· been entered

and the exceptions were taken to the overruling of the motion. The motion for reconsidering and enlarging the judgment was practically a motion for a new trial, and that cannot be reviewed by this court.

The judgment is in all things affirmed.