CENTRAL TRUST CO. OF DES MOINES, IOWA, v. FIDELITY TRUST CO. et al.

(Circuit Court of Appeals, Eighth Circuit. June 30, 1922.)

No. 6011.

1. Appeal and error ⟨⟩850(3)—Opinion cannot take place of findings.
   A memorandum opinion filed by trial judge cannot take the place of special findings.

2. Appeal and error ⟨⟩260(1)—Admission of evidence not reviewable without exception.
   Assignments of error, complaining of the admission of evidence to which no exception was taken, cannot be considered.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Evidence ⚌151(2)—Testimony that loan made on strength of collateral admissible.**

Testimony of witness, negotiating loan on behalf of banks making it, that he made the loan on the strength of certain papers as collateral, was properly admitted.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action by the Central Trust Company of Des Moines, Iowa, against the Fidelity Trust Company and another. Judgment for defendants, and plaintiff brings error. Affirmed.

W. H. H. Piatt, of Kansas City, Mo. (Thomas R. Marks, of Kansas City, Mo., L. M. Grimes, of Des Moines, Iowa, and G. W. Duvall, of Kansas City, Mo., on the brief), for plaintiff in error.

Justin D. Bowersock, of Kansas City, Mo. (Robert B. Fizzell and Guy V. Head, both of Kansas City, Mo., on the brief), for defendants in error.

Before CARLAND, Circuit Judge, and TRIEBER and MUNGER, District Judges.

TRIEBER, District Judge. This cause was tried to the court, a jury having been waived by stipulation in writing. The trial judge made a general finding in favor of defendants, neither party having requested any special findings, and entered judgment accordingly.

[1] The learned trial judge filed a memorandum opinion, but this cannot take the place of special findings. National Bank of Commerce v. First National Bank, 61 Fed. 809, 10 C. C. A. 87; Townsend v. Beatrice Cemetery Association, 138 Fed. 381, 70 C. C. A. 521; City of Goldfield v. Roger, 249 Fed. 39, 161 C. C. A. 99.

[2] The only questions before us on this record are the exceptions taken by plaintiff in error to the admission of evidence of defendants in error. In the assignment of errors plaintiff in error sets out four alleged errors in the admission of testimony, but the record shows that the only exception taken by plaintiff in error to the admission of evidence offered by defendants in error is that set out in the first subdivision of the first assignment of error. We are therefore confined to the consideration of that assignment only.

[3] The testimony excepted to and properly before us, is that the witness, when asked, "In a general way what was that transaction?" answered, "I loaned him $5,500 on the strength of these Sheehey papers as collateral" (the notes in controversy). Mr. Piatt: "I object to the statement: 'On the strength of it as collateral.'" The witness thereupon testified that he conducted the negotiations on behalf of the banks (the defendants). Thereupon the court overruled the objection. We fail to find any error in this ruling.

Nothing else being properly before the court, the judgment is affirmed.

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes