## SWANSON v. CONTINENTAL CASUALTY CO.

(Circuit Court of Appeals, Ninth Circuit. April 19, 1926. Rehearing Denied May 24, 1926.)

No. 4737.

Appeal and error ⬤⇒850(2)—Special findings are necessary to review of judgment in action tried to court (Rev. St. § 700 [Comp. St. § 1668]).

Under Rev. St. § 700 (Comp. St. § 1668), the judgment in an action at law tried to the court without a jury is not reviewable where no special findings were made and the oral opinion of the trial court cannot take the place of such findings.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Action at law by Elsie Ann Swanson against the Continental Casualty Company. Judgment for defendant, and plaintiff brings error. Affirmed.

John Ralph Wilson, of San Francisco, Cal., for plaintiff in error.

Chas. W. Haswell, of San Francisco, Cal., for defendant in error.

Before HUNT, RUDKIN, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This is an action upon an accident insurance policy issued by the Continental Casualty Company of Indiana to one Charles J. Swanson on the 20th day of January, 1915, and renewed from year to year thereafter, to and includ-

ing the year 1921, by an annual renewal certificate executed and delivered to Swanson, and claimed by the plaintiff in error to have been so renewed for the year 1922 by a renewal certificate executed and delivered to Swanson on the 20th day of January, 1922. The plaintiff in error is the beneficiary named in the policy.

Swanson met an accidental death on the 26th day of February, 1922, and at that time the renewal certificate last above mentioned was in his possession, but the annual premium of $30 had not been paid for the year 1922. It is provided in the policy of insurance that "the company shall not be liable for any loss occurring hereunder while the insured shall be in default in the payment of any premium," and that "strict compliance on the part of the insured and the beneficiary with all the provisions of this policy is a condition precedent to recovery thereunder, and any failure in this respect shall forfeit to the Company all rights to indemnity." It was also provided in each of the renewal certificates offered in evidence, commencing with that for the year 1918, that "this renewal is effective only upon a condition that a premium of $30 be paid for it as follows." In each of these renewal certificates there follows the 20th day of January for each respective year, including the certificate for 1922.

It is conceded, as above stated, that the premium for renewal for the year 1922 was never paid. But it appeared from the evidence that the first premium, due January 20, 1915, was not paid until May 1, 1915; that the second premium, due January 20, 1916, was not paid until April 10, 1916; that the third premium, due January 20, 1917, was not paid until April 30, 1917; that the fourth premium, due January 20, 1918, was not paid until March 21, 1918; that the fifth premium, due January 20, 1919, was not paid until February 11, 1919; that the sixth premium, due January 20, 1920, was paid in advance on January 15, 1920, this being the only premium which was not paid after default; that the seventh premium, due January 20, 1921, was not paid until March 28, 1921; that the eighth premium, due January 20, 1922, had not been paid at the time of Swanson's death on February 26, 1922.

It was contended by the plaintiff that the execution and delivery by the defendant of the renewal certificate dated January 20, 1922, was a renewal of said insurance by the defendant for the year 1922, and that the said policy of insurance was in full force and effect at the time of Swanson's death on Feb-

ruary 26, 1922; that defendant, by its course of dealing with Swanson with respect to premium renewals, had led Swanson to believe that the payment of said premium could be made after the date specified in said renewal certificate without any risk to said Swanson or to said beneficiary, because of such delay, or that said policy of insurance would be canceled for such default; that by reason of such dealings defendant was estopped to claim a forfeiture of said policy by reason of Swanson's failure to pay said premium on January 20, 1922; that by reason of defendant's said course of dealing with Swanson defendant had waived its right to claim a forfeiture of such policy because of Swanson's failure to pay said premium on January 20, 1922.

By a written stipulation filed with the clerk of the court by counsel for the parties to the action the case was tried by the court without a jury. No special findings of fact were requested, and none were made. Upon the conclusion of the evidence, the court delivered an oral opinion, adopting the rule as declared by the Supreme Court in Thompson v. Insurance Co., 104 U. S. 252, 26 L. Ed. 765, under which the renewal certificate was held to be effective only upon condition that the premium of $30 was paid on January 20, 1922; that the failure of Swanson to pay the premium on that day, or at all, rendered the certificate ineffective. The court thereupon directed judgment in favor of the defendant.

The oral opinion cannot, under the statute, take the place of special findings. National Bank of Commerce v. First National Bank, 61 F. 809, 10 C. C. A. 87; Townsend v. Beatrice Cemetery Ass'n, 138 F. 381, 70 C. C. A. 521; City of Goldfield v. Roger, 249 F. 39, 161 C. C. A. 99; Central Trust Co. v. Fidelity Trust Co. (C. C. A.) 282 F. 233; Navajo County v. Mesmer (C. C. A.) 4 F. (2d) 821. In City of Goldfield, Colo., v. Roger, 249 F. 39, 40, 161 C. C. A. 99, 100, the Circuit Court of Appeals held that "the rule of law is well settled in the national courts that, in a cause tried to the court without a jury, where no special findings are made and none requested, there is nothing to be reviewed by the appellate court."

In Law v. United States, 266 U. S. 494, 496, 45 S. Ct. 175 (69 L. Ed. 401) the case was tried without a jury, and there was only the general finding for the plaintiff. The court held that "neither the evidence, nor the questions of law presented by it, were reviewable by the Circuit Court of Appeals. To inquire into the facts and the conclusions

of law on which the judgment of the lower court rests was not permissible."

In the recent case of Fleischmann Construction Company and the National Surety Company v. United States, 46 S. Ct. 284, 70 L. Ed. ——, the Supreme Court, in an opinion handed down March 1, 1926, states the rule to be: "The opinion of the trial judge, dealing generally with the issues of law and fact and giving the reasons for his conclusion, is not a special finding of facts within the meaning of the statute"—citing cases.

It is clear that there is no statute or rule of procedure authorizing this court to review any question presented to the court in this record.

It follows that the judgment must be affirmed; and it is so ordered.